## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ROBERT S. WOOD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **5:19-CV-00319-TES** |
| | ) | |
| **CITY OF WARNER ROBINS,** | ) | |
| **GEORGIA, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND TO PARTIALLY DISMISS AMENDED COMPLAINT

Plaintiff wholly misunderstands and fails to adequately respond (if at all) to each of Defendants' arguments in their Motion for More Definite Statement and to Partially Dismiss Amended Complaint.  As such, Plaintiff's Response falls flat, and as discussed in great detail in Defendants' initial brief and again herein, this Court should grant Defendants' Motion.

## I.    Plaintiff's claims against the WRFD should be dismissed.

First, Plaintiff argues in his Response that his claims against the Warner Robins Fire Department ("WRFD") should not be dismissed because the Age

Discrimination in Employment Act ("ADEA") "applies to all government employers, regardless of size." (Pl.'s Resp. to Defs.' Mot. for More Definite Statement & to Partially Dismiss Am. Compl. at 6-8, Dec. 9, 2019, ECF No. 21 [hereinafter Pl.'s Resp.].)  Plaintiff misses the mark, however, as Defendants never argued that Plaintiff's claims against the WRFD should be dismissed simply because it does not have enough employees to be covered under the ADEA. Rather, Defendants argued in their initial brief – and still argue now – that all of Plaintiff's claims against the WRFD should be dismissed with prejudice because it is not a legal entity subject to suit.

Plaintiff's reliance on Mount Lemmon Fire District v. Guido, 139 S. Ct. 22 (2018), in support of his argument that the ADEA "applies to all government employers" is misplaced because the WRFD is *not* an employer.  Rather, while the employer in Mount Lemmon was a political subdivision in Arizona subject to suit, (id. at 24), the WRFD is simply a vehicle through which the City government fulfills its fire functions and, therefore, is not a legal entity subject to suit under any of Plaintiff's claims (let alone his ADEA claims).  See, e.g., Buford v. City of Atlanta, Civil Action No. 1:06-CV-3089-TWT, 2007 WL 1341115, at *3 (Apr. 30, 2007) (recognizing that Atlanta Fire Department is not legal entity subject to suit); cf. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding

that the Atlanta Police Department was not a proper party defendant as it was "an integral part of the City of Atlanta government and [was] merely the vehicle through which the City government fulfills its policing functions"). Accordingly, Plaintiff's claims against the WRPD should be dismissed with prejudice.

## II.   <u>Plaintiff's ADEA claims against the individual Defendants in their official and individual capacities should be dismissed.</u>

Next, Plaintiff appears to argue in his Response that the <u>Mount Lemmon</u> case supports his ADEA claims against the individual Defendants in their individual capacities. (Pl.'s Resp. at 8.)  However, the Supreme Court did not hold in <u>Mount Lemmon</u> (or in any subsequent case) that there is individual liability under the ADEA.  And courts within the Eleventh Circuit have consistently held – even after <u>Mount Lemmon</u> was decided – that there is *no* individual liability under the ADEA.  See, <u>e.g.</u>, <u>Idahosa v. Shoemaker</u>, Case No. 4:19-CV-50(CDL), 2019 WL 3400669, at *3 (M.D. Ga. July 26, 2019) (relying on current Eleventh Circuit law and acknowledging that ADEA does not provide for individual liability); <u>Frazier v. Collins</u>, Civil Action No. 7:18-CV-175(HL), 2019 WL 943398, at *3 (M.D. Ga. Feb. 29, 2019) (same); <u>see</u> <u>also</u> <u>Toomer v. Ricketts</u>, CV419-039, 2019 WL 4166783, at *2 (S.D. Ga. Aug. 30, 2019) (same); <u>Goodlaw v. Kohler Co.</u>, Case No. 3:19-CV-1263-LCB, 2019 WL 5425403, at *2 (N.D. Ala. Oct. 23, 2019)

(same).  As such, Plaintiff's ADEA claim(s) against the individual Defendants in their individual capacities should be dismissed with prejudice.

Notably, Plaintiff failed to respond at all to Defendants' argument that his ADEA claims against the individual Defendants in their official capacities should be dismissed. This alone warrants dismissal. E.g., Barnes v. AstraZeneca Pharmaceuticals LP, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) ("When an argument is raised upon [a] motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal" (internal quotation marks omitted)). But more importantly, because an ADEA claim against an individual defendant in his official capacity is redundant of his ADEA claim(s) against the City, those claims should be dismissed for this additional reason.  Snow v. City of Citronelle, 420 F.3d 1262, 1270 (11th Cir. 2005) ("[S]uits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent[.]").

III.   **Plaintiff's discrimination(s) claim(s) under 42 U.S.C. § 1981 should be dismissed.**

Plaintiff also argues in his Response that his claim(s) of discrimination brought under 42 U.S.C. § 1981 ("Section 1981") pursuant to 42 U.S.C. § 1983 ("Section 1983") should not be dismissed because he "should have an opportunity

-4-

to add a citation to §1983 to [his] [Amended] [C]omplaint." (Pl.'s Resp. at 9.) Defendants, however, never argued in their initial brief that his Section 1981 claim(s) should be dismissed because he failed to allege that it was brought pursuant to Section 1983. In fact, Plaintiff actually pleaded Section 1983 in his Amended Complaint, which makes Plaintiff's argument to the contrary even more perplexing. (See Am. Compl. ¶ 106, Oct. 28, 2019, ECF No. 16.)

Rather, Defendants argued in their initial brief – and again herein – that Plaintiff's Section 1981 claim(s) fail(s) because he cannot bring an age discrimination claim pursuant to Section 1981.[1] See, e.g., Moore v. Grady Memorial Hosp. Corp., 834 F.3d 1168, 1171 (11th Cir. 2016) (noting that Section 1981 "has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race" (internal quotation marks omitted)); Kilcrease v. Coffee Cty., Ala., 951 F. Supp. 212, 215 (M.D. Ala. 1996) (noting that claim of age discrimination cannot be maintained under Section 1981). Notably, Plaintiff failed to respond to this

---

[1] To the extent Plaintiff intends to bring a race discrimination brought under Section 1981 pursuant to Section 1983 – and Plaintiff appears to acknowledge in his Response that he is only alleging that he was discriminated against on the basis of his age, (Pl.'s Resp. at 10) – such a claim fails because Plaintiff has failed to allege any facts to support a race discrimination claim.

argument at all.  As such, Plaintiff's Section 1981 claim(s) should be dismissed with prejudice.

## IV. <u>Plaintiff's Amended Complaint does not identify which claims are brought against which Defendants, and Exhibit A to his Response does not change this fact.</u>

Plaintiff has failed to plead with any particularity the legal authority upon which he bases his claims, as well as which cause(s) of action are being brought against which Defendant.  Specifically, it is unclear from his Amended Complaint whether Plaintiff intends to bring his discrimination, retaliation, and hostile work environment claims pursuant to any other federal or state law (other than the ADEA), and whether he intends to bring all of his claims against each Defendant.

Seemingly in an effort to rectify this fatal problem, Plaintiff submitted an *eighty-nine-page* exhibit to his Response. (<u>See</u> <u>generally</u> Ex. A to Pl.'s Resp., Dec. 9, 2019, ECF No. 21-2.)  While difficult to decipher, it appears that Plaintiff "listed out each paragraph in Plaintiff's [Amended] Complaint, showing to which Defendant each applies as well as an outline of the general facts of the allegation." (Pl.'s Resp. at 2.)  While not necessarily unhelpful, the exhibit fails to address the bigger problem of Plaintiff's failure to identify the legal authority upon which he bases his discrimination, retaliation, and hostile work environment claims, and whether he intends to bring each claim against each Defendant in his individual or

official capacity, or both. Unfortunately, because Plaintiff's presumably time-consuming exhibit failed to do its job, Defendants ask this Court to order Plaintiff to provide a more definite statement of his claims with a clear understanding of what claims he brings against which Defendants.

## <u>CONCLUSION</u>

As discussed in great detail in Defendant's initial brief and again herein, this Court should grant Defendants' Motion and order Plaintiff to amend his Amended Complaint to provide a more definite statement of his claims with a clear understanding of what claims he brings against which Defendants. This Court should also dismiss with prejudice Plaintiff's discrimination claim(s) brought under Section 1981 pursuant to Section 1983, the WRFD from the lawsuit as it is not a legal entity subject to suit, and any ADEA claim brought against any individual Defendant in his official or individual capacity.

Respectfully submitted this 20th day of December, 2019.

*s/Laura A. Denton*
Sharon P. Morgan
Georgia Bar No. 522955
Laura A. Denton
Georgia Bar No. 158667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com
denton@elarbeethompson.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **ROBERT S. WOOD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **5:19-CV-00319-TES** |
| | ) | |
| **CITY OF WARNER ROBINS,** | ) | |
| **GEORGIA, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed a true and correct copy of **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND TO PARTIALLY DISMISS AMENDED COMPLAINT** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

James E. Voyles

*s/Laura A. Denton*
Laura A. Denton
Georgia Bar No. 158667

ELARBEE, THOMPSON, SAPP
& WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (facsimile)
denton@elarbeethompson.com

*Attorney for Defendants*