# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ROBERT S. WOOD,** *Plaintiff,* v. **CITY OF WARNER ROBINS, GEORGIA;** *et al.,* *Defendants.* | **CIVIL ACTION NO.** **5:19-cv-00319-TES** |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDERING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

Before the Court is Defendants' Motion for More Definite Statement and to Partially Dismiss Amended Complaint [Doc. 17] pursuant to Rules 12(e) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure.

## I.  PLAINTIFF'S AMENDED COMPLAINT

Plaintiff ROBERT S. WOOD "seeks to be made whole through declaratory and injunctive relief; compensatory, nominal, and punitive damages; and attorneys' fees, costs, and expenses to redress Defendants' pervasive and discriminatory actions" in relation to Plaintiff's employment as a firefighter for the City of Warner Robins. [Doc. 16 at pp. 1–2]. Plaintiff's Amended Complaint [Doc. 16] alleges that Defendants have violated the Age Discrimination in Employment Act ("ADEA"); the Fair Labor Standards Act ("FLSA"); and the Health Insurance Portability and Accountability Act

("HIPAA"). [*Id*. at ¶ 3]. Plaintiff's Amended Complaint also alleged "violations of Georgia statutes prohibiting Mental Abuse, Intentional Infliction of Emotional Distress, Defamation, Invasion of Privacy, and Reliance on Representations." [*Id*. at ¶ 6]. More specifically, Plaintiff brings five counts: (1) Age Discrimination in Violation of the ADEA; (2) Retaliation; (3) Hostile Work Environment; (4) Discrimination in Violation of 42 U.S.C. § 1981; and (5) Intentional Infliction of Emotional Distress and Violation of HIPAA. [*Id*. at pp. 35–40].

Plaintiff's Amended Complaint is 46 pages in length and contains five counts, all of which are apparently brought against all Defendants. *See generally* [Doc. 16]. Counts Two, Three, Four, and Five each incorporated all preceding paragraphs, including all preceding Counts. [*Id.* at ¶¶ 93, 99, 106, 109]. Defendants move—understandably—for a more definite statement of Plaintiff's claims. [Doc. 17].[1] Defendants also seek dismissal of Plaintiff's ADEA claims against the individual Defendants in both their individual and official capacities; all claims against Warner Robins Fire Department; and all claims under 42 U.S.C. § 1981 for alleged age discrimination. [*Id*.]. For the reasons that follow, the Court **GRANTS** Defendants' Motions.

---

[1] Defendants originally moved in response to Plaintiff's original Complaint [Doc. 15]. However, since Plaintiff later filed an Amended Complaint, to which Defendants responded with the instant motion, the Court **DENIES** Defendants' first Motion for More Definite Statement and to Partially Dismiss Complaint [Doc. 15] **as moot**.

## II. DEFENDANTS' MOTION FOR PARTIAL DISMISSAL UNDER 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in a plaintiff's complaint. *See Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009). A plaintiff's claims will survive a motion to dismiss if the complaint pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action" or "conclusory statements." *Id*. at 678.

To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

### A. Plaintiff's ADEA Claims Against Individual Defendants

The Eleventh Circuit Court of Appeals has held that the ADEA does not "countenance individual liability." *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007)

(citing *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *see also Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995). Accordingly, since individuals cannot be held liable under the ADEA, to the extent that Plaintiff's Amended Complaint [Doc. 16] asserts ADEA claims against Defendants TOMS, MOULTON, DURHAM, CANNADY, and RENFROE, in their individual capacities, the Court **DISMISSES** these claims because they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 679.

Furthermore, "suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent." *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005). Therefore, "there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (first citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) and then citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).

Therefore, the Court **DISMISSES** all claims against Defendants TOMS, MOULTON, DURHAM, CANNADY, and RENFROE, in their official capacities, **as superfluous** because they are "the functional equivalent" of Plaintiff's claims against the City of Warner Robins directly.

**B.**     **Plaintiff's Claims Against Warner Robins Fire Department**

The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 17(b). Thus, applying Georgia law,

4

> in every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.

*Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (quoting *Ga. Insurers Insolvency Pool*, 368 S.E.2d 500, 502 (Ga. 1988)). Thus, a department is not an entity subject to suit in those instances where that department is simply "an integral part" of a city's government "and is merely the vehicle through which the [c]ity government fulfills its [public service] functions" (rather than a separate entity). *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); *see also Bunyon*, 285 F. Supp. 2d 1310 ("The Eleventh Circuit has advised that [such] departments 'are not usually considered legal entities subject to suit . . ..'" (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992))). The Warner Robins Fire Department is the "vehicle through which" the City of Warner Robins provides fire and rescue services.

Accordingly, under this precedent, the Court **DISMISSES** all claims against the Warner Robins Fire Department for failure to state a claim upon which relief can be granted.

C. **Plaintiff's Claims under 42 U.S.C. § 1981**

Federal law provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

5

> security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1891. This statute is intended to prevent discrimination on the basis of race. *Moore v. Grady Memorial Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) ("[Section] 1981 has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006))). Therefore, "a claim of discrimination on the basis of age or sex cannot be maintained under [Section] 1981." *Kilcrease v. Coffee Cty.*, 951 F. Supp. 212, 215 (M.D. Ala. 1996); *see also McDill v. Bd. of Padrons & Paroles*, No. 2:18-cv-597-ECM, 2019 WL 191651, at *2 (M.D. Ala. Jan. 14, 2019).

Since Plaintiff's Amended Complaint alleges discrimination only on the basis of age, making no mention of race, 42 U.S.C. § 1981 does not apply to the facts as pled. *See* [Doc. 16]. Thus, the Court **DISMISSES** Plaintiff's 42 U.S.C. § 1981 claims because they also fail to state a claim upon which relief can be granted.

### III. <u>UNACCEPTABILITY OF "SHOTGUN PLEADINGS"</u>

Federal Rule of Civil Procedure 8(a)(2) establishes that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Further, under Federal Rule of Civil Procedure 12

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably

6

> prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). This circuit uses the term "shotgun pleading" to refer to an "incomprehensible" pleading that "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for [d]efendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief . . . [which] patently violates Federal Rule of Civil Procedure 8 . . . ." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (holding that the 28-page complaint in that case, which incorporated over 100 paragraphs of allegations into all counts, was "neither 'short' nor 'plain.'"); *see also Estate of Bass v. Regions Bank, Inc.*, --- F.3d ----, No. 17-13048, 2020 WL 284094, at *1 n.3 (11th Cir. Jan. 21, 2020) ("Shotgun pleadings . . . violate the basic specificity requirements of Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, (2009).").

Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line,"

> waiting for their cases to be heard. The courts of appeals and
> the litigants appearing before them suffer as well.

*Jackson*, 898 F.3d at 1356–57 (citing *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Shotgun pleadings effectively "render the allegations of an otherwise simple complaint unintelligible," and, because they incorporate the broad language of each count into the next, the meaning of general phrases—for instance "any such act" and "such behavior"[2]—become increasingly vague. *Estate of Bass*, --- F.3d ----, No. 17-13048, 2020 WL 284094, at *1 n.4 (noting the "[general phrasing] problem is drastically exacerbated each time a new count is added to a complaint").[3] This problem continues as Plaintiff compounds the costs, attorneys' fees, and punitive damages sought in separate counts, which only "exemplif[ies] the *Iqbal* problems created by shotgun pleadings. Complaints with such obvious deficiencies clearly run afoul of the specificity required by Rule 8(a)(2) and *Iqbal* . . . [and] are unacceptable in this Circuit." *Id.* at *2 n.5; [Doc. 16 at pp. 35–40]; see also 556 U.S. 662. The Eleventh Circuit has specifically held that

> [i]t is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the

---

[2] [Doc. 16 at ¶¶ 94, 103].

[3] "These assertions result in the obvious question—what ["act" or "behavior"] is [Plaintiff] referring to? No one could know. [The Court] would have to guess at what [] the complaint was referring to because, when dealing with a shotgun complaint, the answer is always "everything that the plaintiff has previously mentioned anywhere in the complaint." *Estate of Bass*, 2020 WL 284094 at *1 n. 5.

8

pleading[4], … [lest the Eleventh Circuit be] forced to review a judgment that should never have been entered.

*Estate of Bass v. Regions Bank, Inc.*, No. 17-13048, 2020 WL 284094, at *3 (11th Cir. Jan. 21, 2020) (citing Jackson, 898 F.3d 1348, 1357–58).

Thus, the Court **STRIKES** Plaintiff's Amended Complaint [Doc. 16] and, relying on Rule 12(e), gives Plaintiff **leave to file a Second Amended Complaint within 14 days of the date of this Order**. Plaintiff's Second Amended Complaint shall not include the claims already dismissed in this Order and shall fully comply with Federal Rule of Civil Procedure 8 and *Iqbal. See Estate of Bass, at *3*; Fed. R. Civ. P. 8(a); 556 U.S. 662. Further, the Court reminds Plaintiff each count must "clearly identify the defendant to which it is directed, the basis for that defendant's liability, and the relief Plaintiff seeks." *Earley v. Liberty Life Assur. Co. of Bos.*, No. 8:13-CV-1099-T-17TGW, 2013 WL 3772509, at *2 (M.D. Fla. July 16, 2013).

## IV. <u>CONCLUSION</u>

The Court **DISMISSES** all of Plaintiff's ADEA claims against Defendants TOMS, MOULTON, DURHAM, CANNADY, and RENFROE, in their individual capacities; **DISMISSES** all claims against the WARNER ROBINS FIRE DEPARTMENT**;** and **DISMISSES** all claims under 42 U.S.C. § 1981 for failure to state a claim upon which

---

[4] Here, while the Defendants did not move the court to strike the pleading altogether, they did seek a more definite statement [Doc. 17] via an Amended Complaint. The Court **GRANTS** that motion by way of the Court's *sua sponte* striking of Plaintiff's Amended Complaint and order for Plaintiff to refile his Complaint.

9

relief can be granted. Further, the Court **DISMISSES** all claims against Defendants TOMS, MOULTON, DURHAM, CANNADY, and RENFROE, in their official capacities **as superfluous** in light of the claims brought against the City of Warner Robins directly.

Additionally, finding that Plaintiff's Amended Complaint is a "shotgun pleading," the Court **STRIKES** Plaintiff's Amended Complaint [Doc. 16] *sua sponte*, **with leave to file a Second Amended Complaint within fourteen days** of the date of this Order, and therefore **GRANTS** Defendants' Motion for More Definite Statement [Doc. 17].

**SO ORDERED** this 6th day of February, 2020.

s/Tilman E. Self, III_____
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
