# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| ROBERT S. WOOD, | § | |
| | § | |
| Plaintiff, | § | Civil Action File No.: |
| | § | 5:19-cv-00319-TES |
| vs. | § | |
| | § | |
| CITY OF WARNER ROBINS, GEORGIA, | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND STATEMENT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DEPUTY CHIEF ROBERT S. WOOD ("Plaintiff" or "Deputy Chief Wood" or "Chief Wood"), by and through his attorney, to file his Second Amended Complaint amending the original Complaint and amended Complaint in its entirety in this action against the CITY OF WARNER ROBINS, GEORGIA.

Plaintiff seeks to be made whole through declaratory and injunctive relief, compensatory, nominal, and punitive damages; and attorneys' fees, costs, and expenses to redress Defendant's pervasive and discriminatory actions.

## INTRODUCTION

### 1.

Deputy Chief Wood is a career firefighter who joined the Warner Robins Fire

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 1 of 44*

Department in 1982. He is fifty-seven (57) years old. He consistently performs, and continues to this day to perform, the duties that are expected of him.  He has never received an annual employee evaluation rating of less than "above" in over twenty years or less than "at" (performance that consistently meets the requirements of the positions) throughout his thirty-eight (38) years with the Warner Robins Fire Department.   Plaintiff was Firefighter of the Year in 1989, and he has faithfully served the citizens of Warner Robins for over thirty-eight (38) years.

2.

Unfortunately, his employer, supervisors and management believe, despite Plaintiff's consistent high performance, that he should retire from his position due to his age.  They have created a pretext to attempt to force Plaintiff to resign this position.

**JURISDICTION**

3.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the following claims arise under the laws of the United States: the Age Discrimination in Employment Act of 1967, Pub. L. No. 90-202, codified at 29 U.S.C. § 621 through 29 U.S.C. § 634 (ADEA) as incorporated under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), and Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. § 1320d-6) ("HIPAA"). The other claims alleged in this Second

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 2 of 44*

Amended Complaint are subject to this Court's jurisdiction pursuant to 28 U.S.C. §
1367.

### 4.

The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.
§§ 2201 and 2202.

### 5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  The illegal,
discriminatory actions occurred within the Middle District of Georgia.

### **NATURE OF THE CLAIM**

### 6.

This action is brought by Deputy Chief Wood as a result  of  violations of the
ADEA and related violations of federal/Georgia statutes prohibiting  actions by
Defendant that would implicate legal principles such as Intentional Infliction of
Emotional Distress, Defamation, Invasion of Privacy and HIPAA (Health Insurance
Portability Affordability Act), Confidentiality, Retaliation and  Hostile Work
Environment. These violations of Plaintiff's rights by the Defendant will be proven
at trial.

### 7.

Plaintiff seeks declaratory and injunctive relief and monetary damages for
emotional distress and loss of reputation  as a result of the  Defendant's continuing

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 3 of 44*

deprivation of his rights accorded by the ADEA and other laws, including but not limited to, retaliation,  privacy, hostile work environment and  intentional infliction of emotional distress. Plaintiff demands trial by jury on all issues.

8.

At all times relevant to this action, the Plaintiff was working as the Deputy Chief of the Warner Robins Fire Department.  Plaintiff is over forty (40) years of age at all relevant times and currently the oldest fireman employed by the Warner Robins Fire Department.

**THE DEFENDANT**

9.

Defendant City of Warner Robins, Georgia ("Defendant" or "City of Warner Robins") is a municipal government within the State of Georgia.  Its major governmental facility is located in Warner Robins, Georgia, within the jurisdiction of the United States District Court of the Middle District of Georgia.

**PROCEDURAL REQUIREMENTS**

10.

The Plaintiff in this action filed timely charges at the Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia.  The EEOC issued a Right to Sue letter to Plaintiff.  *See* a true and correct copy of Robert S. Wood's Right to Sue Letter attached hereto Exhibit "A."

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 4 of 44*

11.

Plaintiff is the oldest active-duty fireman at the Warner Robins Fire Department. In addition, he has the longest tenure in the Department. Although he has never shown any interest in doing so, Plaintiff is eligible to retire because he has fulfilled a minimum of thirty years of service.

## **FACTS**

12.

The Defendant wants to get rid of Plaintiff in this case and has therefore created a pretext to force Plaintiff to leave his job at the Warner Robins Fire Department. In carrying out such pretext, City of Warner Robins employees Mayor Randy Toms ("Toms" or "the mayor") and Fire Chief Ross Moulton ("Moulton" or "Chief Moulton" or "chief" or "fire chief") harassed Deputy Chief Wood and violated other state and federal laws. Mayor Randy Toms lied about Plaintiff, and Toms and Moulton illegally and willfully disclosed Plaintiff's disciplinary action, EAP participation, and HIPAA-protected medical and private information.

13.

On Thursday, July 5, 2018, a fire alarm was activated at 207 Windsor Drive at 7:51 p.m. Emergency 911 automatically sent a structure fire alert text to the structure fire alert system. Plaintiff was at home during normal off-duty hours and responded to the call. After arriving at the scene and checking in with the acting

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 5 of 44*

Assistant Chief, Lieutenant Lee Brantley, Plaintiff proceeded to his car to return home.  When Plaintiff was leaving and on the way to his car, the safety officer, Assistant Chief Dean Christian ("Christian"), asked Plaintiff if he could speak with him.  Plaintiff got in Christian's car to speak with him.  It was then that Christian asked Plaintiff if he had been drinking.  Plaintiff responded that he had not, and they finished their conversation.  At no time did Christian attempt to detain Plaintiff or ask him not to leave the scene.  Plaintiff then returned to his car and went back home. Plaintiff immediately called his supervisor, Moulton, and told him what Christian had asked him and how he himself had responded.

14.

Approximately one hour after Plaintiff left the fire scene and returned home, Moulton arrived unannounced at Plaintiff's home, which is in Houston County, not in the City of Warner Robins.  When Moulton showed up, Plaintiff was upstairs in bed watching television.

15.

Plaintiff got out of bed and went downstairs to greet Moulton, who asked Plaintiff to go outside with him.  An off-duty City of Warner Robins police officer arrived within minutes to perform a breathalyzer test on Plaintiff.  Plaintiff informed Moulton he had consumed an alcoholic beverage after arriving home from the fire scene, and therefore a breathalyzer test would not be accurate as to his state at the

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 6 of 44*

fire.  Moulton disregarded this statement and proceeded with the breathalyzer test.

16.

The Warner Robins off-duty policeman, Todd Edwards, arrived at Plaintiff's residence outside of the Warner Robins city limits and proceeded to conduct a workplace breathalyzer test on Plaintiff in the street in front of his home, highly visible to neighbors and traffic.  Plaintiff was not provided with, or asked to sign, a consent form either before or after the test.  Defendant failed to comply with both state policies and procedures compliant with O.C.G.A. § 34-9-415, O.C.G.A. § 34-9-420, Privacy Laws, HIPAA, and Confidentiality, and with protocol, policies, and procedures for the City of Warner Robins in administering this test to Plaintiff.  *See* a copy of O.C.G.A. § 34-9-415 attached hereto Exhibit "B"; *see* a copy of O.C.G.A. § 34-9-420 Confidentiality of Information attached hereto Exhibit "C"; *see* a copy of the City of Warner Robins, Georgia's Alcohol and Controlled Substance Policy attached hereto as Exhibit "D."

17.

After this incident, which did not involve any personal injury, there was no reason to raise any issue over the performance of the firefighters.  The mayor, the fire chief and other assistant chiefs', however, took this as an opportunity to harass Plaintiff and coerce him into retiring because of their specious and unfounded allegation that Plaintiff was too old to perform his job.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 7 of 44*

18.

After the incident, Plaintiff was referred to City of Warner Robins Employee Assistance Program, Employee Services, Inc. d/b/a ESI Employee Assistance Group (ESI).  On July 13, 2018, Plaintiff signed Employee Assistance Program ("EAP") documentation permitting EAP to disclose information to City of Warner Robins Risk Manager, Ken Fennell, regarding Plaintiff's attendance at, and the progress of, his EAP appointments.  That authorization includes the following statement:

> "My records are protected under Federal law and regulation (42 C.F.R. Part 2) and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (45 C.F.R. 164)."

ESI documentation states:

> "this information has been disclosed to you from records protected by Federal confidentiality rules (42 C.F.R. Part 2).  The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 C.FR. Part.  A general authorization for the release

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 8 of 44*

of medical or other information is NOT sufficient for this

purpose."

*See* a copy of the ESI Federal Confidentiality-Protected Documentation attached

hereto as Exhibit "E."

19.

City of Warner Robins, Georgia Alcohol and Controlled Substance Policy states:

"All meetings involving a violation of the Alcohol and

Controlled Substance Policy should be on a "closed door"

basis, with admission restricted to those who have a

legitimate interest in the proceedings.   Under no

circumstances will the proceedings be discussed outside of

these closed-door meetings, nor will it ever be publicly

stated that an employee is an alcoholic or controlled

substance abuser.   After disciplinary proceedings have

taken   place,   inquiries   as   to   the   reason   for

termination/suspension   will   be   answered   with   an

"objective" cause only ("insubordination", for example).

The use of alcohol or controlled substances shall not be

publicly attributed to an employee."

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 9 of 44*

*See* a copy of the City of Warner Robins, Georgia's Alcohol and Controlled Substance Policy attached hereto as Exhibit "D."

These excerpts from statutes and policies make clear beyond doubt that, as to EAP proceedings, confidentiality and privacy are sacrosanct.

20.

On July 19, 2018, Plaintiff went to City of Warner Robins Human Resources Department to discuss disciplinary action paperwork, including drug testing of Plaintiff for the next year (from July 19, 2018 through July 19, 2019). Before Plaintiff agreed to the disciplinary paperwork, he specifically asked both HR Director Graham and Chief Moulton, "Once I agree to this discipline, that will be the end of it? I'll serve my suspension and go back to work?" Both Graham and Moulton replied "yes."

21.

Plaintiff confirmed with Graham and Moulton that, once Plaintiff had served his discipline of unpaid suspension, which was during the period from July 20, 2018 through August 2, 2018, he could return to work with no further disciplinary action or repercussions.

22.

On August 1, 2018, Moulton called Plaintiff to tell him that he (Moulton) had been in the mayor's office when the mayor announced Plaintiff's suspension and

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 10 of 44*

retirement to David Reid, a citizen who does not work for the City of Warner Robins and who is affiliated with a Facebook page entitled "Enough is Enough in Warner Robins." Plaintiff reminded Moulton that he [Plaintiff] told Human Resources Director Toni Graham and Moulton when he signed his disciplinary paperwork in the Human Resources office on July 19, 2018, that he had no plans to retire. Moulton acknowledged that Plaintiff's retirement was not agreed upon. Moulton told Plaintiff "this [the incident] may get out."

23.

Later that evening, details of Plaintiff's disciplinary action, EAP participation, positive breathalyzer, and Plaintiff's name including HIPAA-protected information and the announcement of Plaintiff's supposed retirement were posted on the "Enough is Enough in Warner Robins" Facebook page. The author of the post identified Toms as the author's source of verification. With over 1,600 followers and multiple shares at the time of the post on Facebook, defamatory information was seen by an immeasurable number of people in the local community. By August 5, 2018, five days after the original post, the same Facebook page, Enough is Enough in Warner Robins, posted statistics touting "17,700 post reached and 31,600 post engagements." Also posted was the statement, "These numbers reflect only the past couple of weeks. They do not reflect the entirety of the page which would be absolutely much higher." The mayor publicly disclosed Plaintiff's disciplinary

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 11 of 44*

action, EAP participation, HIPAA protected, private and confidential information, adding that Plaintiff was retiring, despite the fact that Plaintiff had repeatedly made clear that he no plans or intention to retire.  *See* a copy of the Violation of Privacy Laws, HIPAA, & Confidentiality attached hereto as Exhibit "F."

24.

On August 2, 2018 at 11:28 a.m., Moulton sent an email to the entire Warner Robins Fire Department discussing Plaintiff's disciplinary action and private information, including the statement "I am sure by now most of you have heard or seen something concerning Chief Wood being involved in a disciplinary action because of alcohol".  Moulton's email includes the statement, "I do not usually make public the action that was taken to protect their privacy…I think all employees deserve for me to remain as confidential as possible." Plaintiff was still serving suspension on that date.  Plaintiff was shocked and humiliated by this highly unusual and unprecedented action.  *See* a copy of the Email disclosure to Warner Robins Fire Department attached hereto as Exhibit "G."

25.

On August 3, 2018, Plaintiff returned from his suspension.   Moulton then began harassing Plaintiff and telling him that both he and the mayor wanted him to retire. Moulton increased the level of harassment to force Plaintiff to retire, repeatedly bringing up retirement. Plaintiff made it clear to Moulton that is not what

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 12 of 44*

he had agreed to when he signed his disciplinary action and that he did not want to retire.  Plaintiff told Moulton that he was not going to retire.

26.

Moulton continued to state that Plaintiff needed to think about retiring and doing what was best for the department.  Moulton said, "if you care about me, you'll retire."  Moulton asked Plaintiff to go home and think about it over the weekend. Plaintiff stated he had no plans to retire.

27.

To further cause stress, Moulton told Plaintiff to send out an email to the entire fire department addressing the issue of his discipline and scheduling with shift commanders to go to the stations and apologize to the firefighters.  Plaintiff followed the directive from his supervisor, Moulton, and the following week after scheduling with the Assistant Chiefs', began visiting each station to apologize to the firefighters.

28.

On August 5, 2018, as directed by Moulton, Plaintiff sent an email to the entire fire department.

29.

On August 6, 2018, Moulton told Plaintiff his email did not reflect that he was taking responsibility for his actions; Moulton again told Plaintiff that he wanted him to retire.  Moulton stated that the mayor had fought him when he was promoting

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 13 of 44*

Plaintiff and that he (Moulton) and the mayor wanted him to retire.

30.

The harassment to force Plaintiff to retire intensified, and the Assistant Chiefs also began harassing Plaintiff. As directed by Moulton, Plaintiff met with Assistant Chief Durham ("Durham") about speaking with his firefighters. Assistant Chief Durham told Plaintiff that the shift commanders and Moulton had met previously and that they all wanted Plaintiff to retire. Assistant Chief Durham told Plaintiff that he would feel sorry for him if he were not eligible to retire, but since <u>he</u> does have retirement, he needed to "go ahead and retire." Assistant Chief Durham stated, "Chief Moulton wants you to retire. We want you to retire." Plaintiff stated he was not going to retire.

31.

On the morning of August 7, 2018, Plaintiff and Assistant Chief Cannady ("Cannady") were at a Code 3 fire scene at 122 Edna Place, as was Moulton. Plaintiff was the Incident Commander on scene. While on scene, Moulton approached both Plaintiff and Assistant Chief Cannady. Moulton asked Cannady, in the presence of Plaintiff, "Have you met with him yet?" It was at that point that Plaintiff knew there was an agenda to force him to retire, since Assistant Chief Durham had stated that the shift commanders and Moulton had met previously and that they all wanted Plaintiff to retire.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 14 of 44*

32.

On the afternoon of August 7, 2018, as directed by Moulton, Plaintiff met with Assistant Chief Cannady.  Assistant Chief Cannady asked him directly about his long-term plan, stating, "Are you going to stay on or retire?" Assistant Chief Cannady confirmed that he, Moulton, Assistant Chief Renfroe, and Assistant Chief Durham had met.  Plaintiff stated to Cannady that Assistant Chief Durham had told him (Plaintiff) that during the meeting with Moulton that all three Assistant Chiefs wanted Plaintiff to retire, "you all want me to retire?" Chief Cannady responded, "Yes.  Not only for the department, I think for you personally."  During this conversation, Plaintiff stated he was not retiring at that time.

33.

On August 8, 2018, as directed by Moulton, Plaintiff met with Assistant Chief Renfroe ("Renfroe").  Assistant Chief Renfroe acknowledged that there had been a meeting with Moulton, Assistant Chief Renfroe, Assistant Chief Cannady, and Assistant Chief Durham.  While Renfroe said he couldn't tell Plaintiff what to do, he referenced an article about a chief from another department who had an incident and retired.

34.

From August 8, 2018 through August 11, 2018, media interviews with Moulton regarding Plaintiff's discipline were widely published and broadcast in the

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 15 of 44*

local community, which violated Privacy Laws, HIPAA, and City of Warner Robins, Georgia policy. *See* a copy of the Media Interviews attached hereto as Exhibit "H."

35.

Previously, a similar disciplinary incident occurred with a younger officer in the Warner Robins Fire Department. The younger officer received only three days' suspension, the disciplinary action was not made public, an internal memo was not sent by the fire chief to the entire Warner Robins Fire Department discussing his discipline, and media interviews were not given. That officer is younger than Deputy Chief Wood and not eligible to retire.

36.

The only Warner Robins Fire Department disciplinary personnel matters that have been made public by the Warner Robins Fire Department are those of Deputy Chief Wood, a 57-year-old firefighter who is eligible to retire.

37.

On August 9, 2018, Plaintiff went to Assistant Chief Durham to discuss collection of bottled water donations for the fire department. Assistant Chief Durham raised his voice and told Plaintiff he ought to be ashamed. He stated if Plaintiff cared about Moulton and the fire department, he would retire right now, and he should have already retired. Assistant Chief Durham stated he wouldn't talk to Plaintiff anywhere or anytime. This interaction was witnessed by six firefighters.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 16 of 44*

38.

Assistant Chief Durham's hostile temperament alarmed one of the officers so much that he went to the Administrative Assistant Chief to tell him what was going on.  Meanwhile, Plaintiff walked away and returned to speak with Assistant Chief Durham privately.  Assistant Chief Durham continued to raise his voice at Plaintiff, and at one-point Plaintiff asked him to lower his voice.

39.

Assistant Chief Durham stated, "What pisses me off – your boss crying on TV apologizing to the public because of you and you ain't got no comment…If you had any balls, you could get on there and say…it ain't got nothing to do with him, this is me and I'm out and I'm gone…He wants you gone.  Ask him."  Assistant Chief Durham continued, "Why does everybody have to spell everything out for you? That's why I'm so direct because you don't read between the lines…The only thing that's going to fix it is if you leave…It's four of the top people in this place -- not one, not two, not three, four -- four are on the same wavelength for you to leave, but you choose not to do that."

40.

Assistant Chief Durham stated, "He (Moulton) said it first, he's the one that come up with it first, he wants you gone today."  When Plaintiff mentioned what Assistant Chief Renfroe had said to him on August 8, Assistant Chief Durham said he knew

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 17 of 44*

exactly what Assistant Chief Renfroe said and stated, "he told me."  Assistant Chief Durham said Assistant Chief Renfroe "was trying to get through to you in a different angle from a different route…That's what he told me." Assistant Chief Durham stated "it ain't going to change a thing…so we might as well stop talking…So, I'm through with you." Plaintiff reported the incident to Moulton.

41.

On August 10, 2018, at the request of Moulton, Plaintiff met with Moulton in Moulton's truck.  Moulton told Plaintiff that he (Plaintiff) knew what Moulton wanted him to do.  Moulton told Plaintiff that he spoke with the mayor, and the mayor wanted Plaintiff to stop going to the stations to apologize to the firefighters for the incident.  Moulton acknowledged he had thought it was a good idea.  Moulton said that he had talked to Assistant Chief Durham, Plaintiff's subordinate, regarding the incident where Assistant Chief Durham yelled at Plaintiff on August 9 in front of other subordinates.  Moulton told Plaintiff that he "knows how a lot of people feel and how the people who work for Plaintiff feel and they feel like he's not doing what everyone wants him to do."  Moulton told Plaintiff he thought the longer  he stayed, the worse it would be.  Moulton told Plaintiff that the firefighters would think more of him if he retired and that he would finally be taking responsibility for his actions.  Plaintiff stated, "I was disciplined for that and I served my discipline.  Is that not taking responsibility for it?"  Moulton replied, "Well, you didn't have any choice in

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 18 of 44*

that.  That was going to happen regardless."

42.

On August 14, 2018, Plaintiff went to see Assistant Chief Renfroe and found Moulton with him in his office.  Moulton asked Plaintiff to join them.  They began discussing how the fire department was going to move forward. Assistant Chief Renfroe asked Moulton whether Plaintiff was staying or leaving and asked what he was supposed to tell his shift.  Plaintiff stated that he was staying.

43.

Later, Moulton and Plaintiff went to Plaintiff's office. Moulton said he didn't know if the situation would ever get better for Plaintiff.  Moulton also stated that by retiring, Plaintiff would be taking the high road.  Plaintiff stated he had taken responsibility by serving his discipline and that time would make it better.  During that conversation Plaintiff offered to stay in Warner Robins to avoid being a distraction in Dalton at the Fire Conference and just in case anything happens. Moulton turned him down, saying to him, "they don't want Chief Wood running the place."

44.

On August 15, 2018, there was a morning meeting regarding future growth and needs of the fire department and Councilman Tim Thomas was in attendance. After the meeting, Councilman Thomas looked right at Plaintiff and said what

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 19 of 44*

happened to him was wrong, referencing the Facebook page post on August 1, 2018. Councilman Thomas stated it should have never happened and if it was due to the actions of a department head, that person should be fired.  The acts described above were done willfully, knowingly, or showing reckless disregard for whether the conduct violated the ADEA and are in violation of the ADEA.

45.

Plaintiff had told Moulton in no uncertain terms that he was not going to retire. Nevertheless, from August 3, 2018 through August 14, 2018, Plaintiff was repeatedly told by his supervisor, Moulton, that he wanted Plaintiff to retire and that the mayor also wanted him to retire. From August 1, 2018 – August 14, 2018 Plaintiff was hounded to retire approximately thirty-nine times within ten business days.

46.

Moulton gave media interviews regarding Plaintiff's disciplinary action and revealed Plaintiff's HIPAA-protected and private information.  Moulton repeatedly harassed Plaintiff about retiring.  *See* a copy of the Media Interviews attached hereto as Exhibit "H."

47.

Moulton spoke of Plaintiff retiring at least twenty-three (23) times in this short time period.  Moulton told Plaintiff at least four (4) times that the mayor wanted

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 20 of 44*

Plaintiff to retire.  The mayor announced Plaintiff's retirement to a citizen when in fact Plaintiff had no plans to retire.  "Retirement," "leaving," "he wants you gone" were brought up at least nine (9) times by Assistant Chief Durham.

48.

"Retirement" was brought up to Plaintiff by both Assistant Chief Cannady one time and Assistant Chief Renfroe one time.  All three Assistant Chiefs said they had met with Moulton.

49.

On August 20, 2018, Plaintiff went to the City of Warner Robins Human Resources Department to discuss filing a grievance against his supervisor, Moulton, and the three assistant chiefs.  Human Resources Director, Toni Graham, stated that she had told Moulton to "stop saying retirement."  Graham also stated she had told the mayor that "Bobby was punished to the extent of our policy."  She quoted the mayor as saying, "well, I think he needs to retire."  She then said she told him "had Bobby been a twenty-year [years of service] person, you wouldn't think about it." Graham was familiar with what was happening and told Plaintiff that she had "warned the mayor and chief…that it's his decision to come back to work.  So, I have warned them, Bobby…Nobody can decide for Bobby except Bobby until he's 65 years old." Graham stated that there are laws and "you can't force anyone to retire…and I made that perfectly, abundantly clear."  She stated she told the mayor "it's illegal and as

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 21 of 44*

an HR person, don't do it."

50.

When Plaintiff said he wanted to file a grievance, HR Director Graham stated "I consider because of your age and because they're bringing up retirement, that is a grievable issue in my opinion.  Okay.  Because it's based on your age, which is illegal."

51.

On August 21, 2018 Plaintiff filed a grievance with the City of Warner Robins Human Resources Department.  Graham stated: "I told them last week, stop it." However, the harassment did not stop. *See* a copy of Robert S. Wood's Formal Grievance attached hereto as Exhibit "I."

52.

As part of the grievance process, Plaintiff was provided a list of mediators via email by the mayor's Executive Assistant, Mandy Stella.  Plaintiff then informed Mandy Stella via email of his selection of City of Warner Robins Mediator Cathy Silengo ("Silengo") as mediator/investigator (M/I).

53.

On August 27, 2018, Plaintiff met with Silengo for investigation of Plaintiff's grievance.  During her investigation with Plaintiff, Silengo explained the grievance

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 22 of 44*

process and informed him that her findings would be turned over to the mayor, and that the mayor would respond to Plaintiff's grievance whether the mayor agreed or disagreed.

54.

At a later date, Plaintiff was told by Graham that the grievance and M/I findings were submitted to the mayor's office on September 4, 2018.  The City of Warner Robins Employee Handbook 2011, under Formal Grievance states: "…Otherwise, the report shall be disseminated to all parties in interest and the remedial plan implemented as soon as possible."  *See* a copy of the City of Warner Robins' Employee Handbook 2011 attached hereto as Exhibit "J."

55.

The City of Warner Robins Employee Handbook 2011, under Formal Grievance states:

> "Employees that have legitimate grievances can expect to have their complaint quickly resolved." …

The City of Warner Robins Employee Handbook also states:

> "…The M/I shall investigate the grievance and shall interview the aggrieved employee, the aggrieved employee's supervisor and Department Director, and all

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 23 of 44*

persons available that have knowledge of the events from which the grievance arose.  Within seven days, the M/I shall prepare a written report detailing the facts of the grievance and a determination as to whether or not the issue is grievous.  If the M/I determines that the issue is grievous, he or she shall also include a plan for remedial action.  This report shall be delivered to the Mayor's office.  The Mayor shall have the right to review the M/I's report and reject it for good cause.  If the Mayor rejects the M/I's report, the grievance will proceed to review by the Mayor and Council as outlined below except that the Mayor shall be the appealing party.  Otherwise, the report shall be disseminated to all parties in interest and the remedial plan implemented as soon as possible."

*See* a copy of the City of Warner Robins' Employee Handbook 2011 attached hereto as Exhibit "J."

56.

As of February 14, 2020, one year, five months and twenty-five days (543 calendar days) had passed and no response to Plaintiff's grievance had been

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 24 of 44*

received.

57.

On July 13, 2018, the following article by Stanley Dunlap was published in the Houston and Peach section of *The Macon Telegraph*:

"Warner Robins Employee Files May Have Been Compromised During Fraud Investigation" … On July 5, Human Resources Director Toni Graham turned over the keys to the cabinets containing personnel files to Toms [the mayor of Warner Robins]. Those keys were handled by the mayor, the city attorney and Toms' executive assistant, Graham said in a July 6 email.…I am sure most of the employees would not be comfortable knowing that the keys to their personal and private information have been passed around that many times in less than 12 hours," Graham wrote…. *See* a copy of the Warner Robins employee files… *The Macon Telegraph* 7-13-18 attached hereto as Exhibit "K."

58.

In January 2019, McNair, McLemore, Middlebrooks & Co. submitted an HR Audit to the mayor and Council of City of Warner Robins. Excerpts stated as follows:

"We performed the internal audit services described below solely to assist the City of Warner Robins in evaluating the internal controls over select processes

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 25 of 44*

relating to Human Resources (HR)." …Some of the statements included in the audit are as follows:

"We performed a review of a sample of personnel files." … "Observation: We noted medical information of each employee included in a separate blue or manila folder stored in the employee's personnel file.  We also noted Pre-employment Health Questionnaire located in a white envelope with the preemployment information."  "Recommendation:  All private health information should be maintained in a separate file with other medical information." …

… "Observation:  Access to the HR Department offices are not limited to the HR staff.  An IT manager, the City Attorney and his assistant have access to the offices."  "Recommendation:  A best practice is to limit access to the HR Department offices and ensure that there is no confidential employee information accessible outside of a locked file cabinet." … *See* a copy of the HR Audit attached hereto as Exhibit "L."

59.

Plaintiff was subjected to discrimination and retaliation that was intentional and structured so as to discredit Plaintiff.

60.

As a result of the hostile and offensive work environment perpetrated by Defendant and maintained by the Defendant' failure to protect Plaintiff from such

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 26 of 44*

discrimination, the Plaintiff suffered humiliation, emotional distress, physical pain, and loss of enjoyment.

61.

Defendant acted directly and failed to take all reasonable and necessary steps to eliminate age discrimination in the workplace and allowed discrimination to continue, even up to the present time.

62.

As a further direct and proximate result of Defendant's violations of federal statutes described herein, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

63.

During Plaintiff's employment with Defendant, the Defendant, by and through their agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, because of his age, in violation of federal statutes and regulations, including a violation of the ADEA.

**Count One**
**Deprivation of Rights Under Color of Law in**
**Violation of 42 U.S.C. § 1983**

64.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 27 of 44*

42 U.S.C. §1983 creates a cause of action against any governmental entity that causes any citizen to be deprived of his rights under the Constitution or any other laws that secure or protect the rights of the plaintiff. Defendant, acting under color of state law, purposefully deprived Plaintiff of his rights to be free from age discrimination, a hostile work environment, an invasion of privacy, false accusations and retaliation. Defendant's employees' actions against Plaintiff had no rational relationship to a legitimate governmental interest; rather, they were intended by Defendant to be an excuse to force Plaintiff to retire before age 65. Defendant's employee, Human Resources Director Toni Graham, warned Defendant's employees to stop what they were doing to Plaintiff because the actions were clearly a violation of the ADEA and Graham was the in-house expert able to advise the mayor and fire chief that their actions constituted illegal age discrimination and other violations of Plaintiff's rights as an employee and citizen. Defendant's employees ignored their Human Resources Director and continued the discrimination and campaign of harassment.

65.

Plaintiff's professional and personal reputations, as well as his mental and emotional well-being, were damaged as a result of Defendant's actions. Plaintiff seeks a damages award for monetary losses, emotional and physical distress

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 28 of 44*

damages, punitive damages, injunctive relief and reasonable attorneys' fees.

## Count Two
## Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621- 634

66.

The ADEA protects certain applicants and employees 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or the terms, conditions or privileges of employment.  Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways because of his age, in violation of federal statute and regulations including violation of the ADEA. Defendant's senior management employees made up their mind that Plaintiff was too old to be the City's Deputy Chief and they hatched a plan to so embarrass and ridicule Plaintiff that he would cave into their often-repeated demands that he retire many years earlier than he planned to. There is direct and indirect evidence of age discrimination, including the existence of a younger similarly situated employee who was given a light suspension for the same conduct, as compared to Plaintiff who was given a far harsher disciplinary scenario and harassed continuously by his supervisor and subordinates, and the mayor announced his retirement, even though

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 29 of 44*

Plaintiff had no plans to retire. There is also the Human Resources Director for the City of Warner Robins, who informed the mayor and the supervisor of Plaintiff that asking an employee to retire could only be viewed as showing an anti-age bias that completely disregarded the  Plaintiff's rights to be free from age bias and related harassment.

67.

As a result of Defendant's employees' actions, Plaintiff was subjected to discrimination and retaliation that was intentional and was structured so as to discredit Plaintiff and force Plaintiff to retire.  The acts described above were done willfully, knowingly, and/or showing reckless disregard for whether the conduct violated the ADEA and are in violation of the ADEA.  Defendant acted directly and failed to take all reasonable necessary steps to eliminate age demands and discrimination in the workplace and allowed discrimination to continue, even up to the present time.

68.

The actions of Defendant's employees to harass and attempt to force Plaintiff to retire from his job because of his age is in violation of the ADEA.  As a result of the discrimination experienced by Plaintiff, he has suffered damages, including monetary loss, liquidated damages, and substantial attorneys' fees all recoverable under the ADEA.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 30 of 44*

## Count Three
## Retaliation in Violation of 42 U.S.C. 2000e 3(a)

### 69.

Federal law under the ADEA prohibits any form of retaliation against an employee who objects to an employer's discriminatory practices.

### 70.

On August 1, 2018, Plaintiff was serving suspension when Defendant's employee, Toms, announced Plaintiff's retirement, even though Plaintiff had no intention of retiring. The ensuing weeks brought many attempts to belittle and force Plaintiff into resigning from his employment with Defendant, including a publicity campaign and disclosure of confidential health information to the other fireman whom Plaintiff worked with as well as third parties and the media in the community. The retaliation was compounded by Defendant's numerous attempts to publicly humiliate Plaintiff into retiring.

### 71.

As herein alleged, the Defendant, by and through its employees, managing agents and/or its supervisors, illegally retaliated against Plaintiff in his employment,

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 31 of 44*

subjecting him to unjust scrutiny, false allegations of misconduct, and unwelcome and derisive comments solely because of age discrimination.

Defendant had no legitimate basis for any such act. Human Resources Director for the City of Warner Robins clearly warned the employees of Defendant that it was illegal for them to harass and constantly demand that Plaintiff retire from his life-long job at the City's Fire Department. Instead of following the advice of an HR expert, Defendant's employees retaliated against Plaintiff by escalating their campaign to ridicule and embarrass Plaintiff in an all-out effort to get him to resign.

72.

Plaintiff filed a grievance with Defendant's Human Resources Director on August 21, 2018, which resulted in a Mediator/Investigator meeting with Plaintiff on August 27, 2018. Human Resources Director confirmed with Plaintiff the investigator information was turned in to the mayor's office on September 4, 2018. Over 543 days have passed and Defendant has yet to respond to Plaintiff's grievance. Such failure to respond is another act of retaliation perpetrated against Plaintiff by Defendant.

73.

As a direct and proximate result of the Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff is thereby

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 32 of 44*

entitled to general and compensatory damages in amounts to be proven at trial.

74.

As a further direct and proximate result of Defendants' actions as described herein, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. The ADEA specifically allows for the Court to award all attorneys' fees and costs to a prevailing plaintiff.

75.

Plaintiff may also be entitled to punitive damages. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's retaliatory conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

## Count Four
## Hostile Work Environment Under the ADEA

76.

The law defines unlawful harassment or a hostile work environment as

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 33 of 44*

unwelcome conduct that is based on .... age (40 or older). Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

77.

Plaintiff was and remains to this day continuously the subject of hostile behavior from his supervisor and other Defendant employees.  Such harassment rose to the requisite level so as to become a condition of employment and meets the definition of severe or pervasive conduct." Examples of the harassing conduct include the mayor sharing highly confidential medical information and disciplinary action with a person outside of "needs to know", specifically with an individual who does not work for the Defendant and is known to publish information on the internet. So, the mayor accomplished his goal of defaming and belittling Plaintiff's character by sharing information with a person who shared it on the web where it could be shared with a large number of viewers. Plaintiff's supervisor conducted media interviews with the local media/newspapers that disclosed Plaintiff's disciplinary action, participation in EAP and painted Plaintiff as an alcoholic, as well as having Plaintiff write an email to the entire department "taking responsibility for his actions"  and even to visit the various firehouses to apologize to the firefighters for

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 34 of 44*

alleged misconduct that was purposefully exaggerated by the Defendant's employees.

78.

Defendant's employees failed to maintain a harassment-free work environment by failing to take effective corrective action, including after they became aware that Plaintiff did not want to retire.

79.

Defendant's employees' treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

80.

The discrimination and harassment that Plaintiff was subjected to in the hands of Defendant and its agents, representatives, and employees was persistent in nature, unwelcome, extremely offensive, and humiliating.  Such behavior had the effect of creating a hostile and intimidating work environment for Plaintiff.  Such continuous and persistent discrimination and harassment adversely affected the terms and conditions of his employment with Defendant.

81.

As a direct and proximate result of said unlawful employment practices,

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 35 of 44*

Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation, which has manifested in physical illnesses and emotional stress.

82.

As a result of damages experienced by Plaintiff, he has suffered damages, including lost earnings, emotional pain and suffering, and attorneys' fees and costs.

83.

As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity, painful embarrassment among his friends and co-workers, damage to his professional reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

### Count Five
### Intentional Infliction of Emotional Distress

84.

Pursuant to the Restatement (Second) of Torts, Ch. 2, Emotional Distress, § 46 (1) (1965) and Georgia law,  intentional infliction of emotional distress is a common law tort that allows individuals to recover for severe **emotional distress** caused by another individual who **intentionally** or recklessly inflicted **emotional**

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 36 of 44*

**distress** by behaving in an "extreme and outrageous" way.

85.

Defendant created a hierarchy of structured relationships, beginning at the top, which could have been but were not corrected or avoided. In the present case, Plaintiff's immediate supervisor, Defendant employee Chief Moulton, is the highest-ranking officer in the Warner Robins Fire Department.

86.

Plaintiff has presented evidence of want of care by Defendant sufficient to raise a presumption of conscious indifference to the consequences. Defendant's employees' conduct of disclosing sensitive medical information and embarking on the campaign outlined in this complaint would provoke outrage in a reasonable person and constitutes extreme and outrageous conduct.

87.

Plaintiff has suffered at the hands of Defendant a wanton, voluntary and intentional wrong, the natural result of which was to cause mental suffering and wounded feelings.

88.

Defendant actions were so terrifying and insulting as naturally to humiliate, embarrass or frighten the plaintiff. The conduct of Defendants, as set forth herein, was intended to cause severe emotional distress to Plaintiff and cause him to leave

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 37 of 44*

his highly valued job and employment. Alternatively, Defendant was recklessly indifferent to the likelihood that its conduct, as set forth herein, would cause severe emotional distress to Plaintiff by constantly badgering him to retire.

89.

The conduct of Defendant, whether intentional or reckless, did in fact cause Plaintiff to suffer severe physical and emotional distress.  Other damages sought include punitive damages necessary to show Defendant that its conduct towards Plaintiff was illegal and to prevent Defendant from ever again trying to destroy a long-term employee's psyche and career.

### Count Six
### Invasion of Privacy/Confidentiality/Violation of the Health Insurance Portability Affordability Act

90.

Georgia recognizes invasion of privacy claims including intrusion upon solitude or seclusion, public disclosure of private facts, and false-light privacy.

91.

The conduct of Defendant's employees, as set forth herein, including but not limited to the public release of Plaintiff's participation in the Employee Assistance Program and personnel matters including Plaintiff's disciplinary action, constituted a clear invasion of privacy.  Defendant's employee even conducted media interviews disclosing Plaintiff's participation in the Employee Assistance Program (EAP) and

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 38 of 44*

sent out a departmental email about Plaintiff's "disciplinary action involving alcohol."

92.

Disclosure of medical records pursuant to laws requiring disclosure or to limited consent to disclosure does not destroy confidential or privileged nature. (O.C.G.A. §24-9-42).

93.

A patient must make written authorization or waiver of private confidential information (or parents/guardian in case of minor), except by subpoena or appropriate court order (O.C.G.A.§24-9-40), in order for a third party to have access to an individual's records.

94.

Defendant and its employees invaded Plaintiffs' right to privacy by broadly disclosing private facts and the results of a breathalyzer test. No waiver was sought or signed by Plaintiff. Defendant also painted Plaintiff in a false light by misrepresenting his actions and intruding upon his right to solitude by engaging in a media and publicity campaign inside the fire department and outside the workplace through the media and internet.

95.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al*.
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 39 of 44*

Plaintiff seeks damages for monetary losses, emotional and physical distress injuries, and punitive damages necessary to deter Defendant and its employees from future conduct involving using broad disclosure of private facts related to an employee in an effort to destroy both his right to privacy and his career.

## Count Eight
## Defamation/Libel/Slander

96.

Georgia law defines libel as "a false and malicious defamation" that would tend to injure the person's reputation and expose him to contempt, hatred, or ridicule. Slander is defined as a written form of libel.

Defendant's employee's actions, including but not limited to an email sent to the entire fire department by Plaintiff's supervisor regarding Plaintiff's "disciplinary action because of alcohol" and were intended to cause harm to Plaintiff's professional and personal reputations.

97.

Plaintiff seeks damages for monetary losses, damage to reputation, mental and physical distress damages, and punitive damages to prevent Defendant from ever again defaming an employee through a broad dissemination of false statements designed to drive off a long-tenured employee.

## Jury Demand

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 40 of 44*

The Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Federal Rules of Civil Procedure 38.

**WHEREFORE**, Plaintiff, Robert S. Wood, demands judgment against the Defendants, in an amount which will compensate him for:

a) Violation of his rights under federal and state laws.

b) Compensatory damages including lost wages, past and future, and/or impairment of power to earn money; loss of reputation; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

c) Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct; and

d) A permanent injunction against future acts of discrimination and harassment against Plaintiff by Defendant.

RESPECTFULLY SUBMITTED this 19th day of February 2020.

THE VOYLES LAW FIRM, P.C.

/s/ James E. Voyles
James E. Voyles
Georgia Bar No. 729016
680 Village Trace, Suite 20D
Marietta, Georgia 30067
Telephone: (770) 999-6700
Facsimile: (770) 999-6701
Email: jvoyles@voyleslaw.com
*Attorney for Plaintiff*

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 41 of 44*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the foregoing **Plaintiff's Amended Complaint and Statement for Equitable Relief and Damages and Demand for Jury Trial** was prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(C).

This 19th day of February 2020.

THE VOYLES LAW FIRM, P.C.

/s/ James E. Voyles
James E. Voyles
Georgia Bar No. 729016
680 Village Trace, Suite 20D
Marietta, Georgia 30067
Telephone: (770) 999-6700
Facsimile: (770) 999-6701
Email: jvoyles@voyleslaw.com
*Attorney for Plaintiff*

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 42 of 44*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT S. WOOD, | § | |
| | § | |
| Plaintiff, | § | Civil Action File No.: |
| | § | 5:19-cv-00319-TES |
| vs. | § | |
| | § | |
| CITY OF WARNER ROBINS, GEORGIA, | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **PLAINTIFF'S SECOND AMENDED COMPLAINT AND STATEMENT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL** by Statutory Electronic Mail and by depositing a copy in the United States Mail, first class postage pre-paid, addressed as follows to the following counsel of record:

Sharon P. Morgan
Laura A. Denton
Elarbee, Thompson, Sapp & Wilson, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
Email: morgan@elarbeethompson.com
Email: denton@elarbeethompson.com
*Attorneys for Defendants*

Respectfully submitted this the 19th day of February 2020.

THE VOYLES LAW FIRM, P.C.

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 43 of 44*

/s/ James E. Voyles
James E. Voyles
Georgia Bar No. 729016
680 Village Trace, Suite 20D
Marietta, Georgia 30067
Telephone: (770) 999-6700
Facsimile: (770) 999-6701
Email: jvoyles@voyleslaw.com
*Attorney for Plaintiff*

Robert S. Wood vs. City of Warner Robins, Georgia, *et al.*
United States District Court; Middle District of Georgia; Macon Division
Civil Action File No.: 5:19-cv-00319-TES
*Plaintiff's Second Amended Complaint and Statement for Equitable Relief and Damages*
*Page 44 of 44*

## <u>VERIFICATION OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL</u>

Personally, appeared before me, the undersigned officer, duly authorized to administer oaths, *Robert S. Wood*, who upon being duly sworn under oath deposes and says that he has read the foregoing *PLAINTIFF'S SECOND AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL* and that the facts contained therein are true and correct to the best of his knowledge and belief.

RESPECTFULLY SUBMITTED this 19th day of February 2020

Robert S. Wood

Sworn to and subscribed before me
this 19 day of February, 2020.

Notary Public