IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT S. WOOD, | § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| CITY OF WARNER ROBINS, GEORGIA, | § § § | Civil Action File No.:<br>5:19-cv-00319-TES |
| | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

## PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S MOTION TO PARTIALLY DISMISS

### I. INTRODUCTION

Robert S. Wood ("Plaintiff") files this Response Brief to oppose the Defendant, City of Warner Robins ("Defendant City") Motion to Partially Dismiss his claims under 42 USC § 1983 ("Section 1983") based on an alleged failure to state a claim, his intentional infliction of emotional distress ("IIED") and invasion of privacy claims based on the sovereign immunity bar, and his defamation claim based on the twin doctrines of sovereign immunity and respondeat superior. Defendant City also seeks dismissal of Plaintiff's IIED claim based on a failure to state a claim under its version of the applicable case law. For each argument, Plaintiff either provides direct legal authority to rebut the Defendant City's arguments or files a

Proposed Third Amended Complaint to add the allegations that Plaintiff believes are missing from the Second Amended Complaint. At bottom, this case involves serious legal violations by a mayor and fire chief who intentionally released confidential medical information to the press, citizens and employees that was gathered in violation of Georgia's employer substance testing laws[1] (O.C.G.A. § 34-9-415 et seq.) as they engaged in a multi-pronged approach to force Plaintiff to retire through ridicule, embarrassment and duress. Despite the existence of confidentiality laws, personnel policies, tort laws and federal statutes prohibiting the exact behavior meted out to Plaintiff, the mayor and fire chief chose to push on and ignore even the advice of the Defendant City's Director of Human Resources who warned them of violating the law as they repeatedly abused the Plaintiff.

## II.  PLAINTIFF REQUESTS LEAVE OF COURT TO FILE HIS PROPOSED THIRD AMENDED COMPLAINT TO RESOLVE THE ADEQUACY OF HIS SECTION 1983 CLAIM

After reviewing Defendant City's motion to dismiss his Section 1983 claim, Plaintiff has decided to seek leave to amend this claim and has filed herewith a proposed Third Amended Complaint which should address any argument by the Defendant City that Plaintiff cannot state a Section 1983 Claim. Plaintiff requests that the Court grant him leave to amend.

---

[1] Compliance with O.C.G.A. 34-9-415 et seq. to include Confidentiality O.C.G.A. § 34-9-420 is required by the State Board of Workers' Compensation for employers who qualify for the Drug-Free Workplace Program.

### III.  PLAINTIFF'S THREE TORT CLAIMS ARE NOT BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY BECAUSE DEFENDANT CITY HAS EXTENSIVE INSURANCE COVERAGE APPLICABLE TO THE CLAIMS STATED HERE

Plaintiff is perplexed by Defendant City's attempt to get his tort claims dismissed as even the Defendant City motion admits that sovereign immunity is waived "by the purchasing [of] liability insurance which covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such coverage." (Mot. To Partially Dismiss, p.8). A basic internet search of Georgia Municipal Association (GMA) pulls up a website[2] which shows that the Defendant City is a Member of GMA.  The website describes various liability insurance programs enjoyed by members.  Under the tab "Property & Liability Insurance, Other Resources" the insurance platform boasts about "a long-standing partnership between GMA and Elarbee, Thompson, Sapp & Wilson, LLP - with many training programs and an extensive Helpline available to members to handle any call involving labor and employment law and established by defense counsel in this case.  When Plaintiff's counsel read defense counsel's sovereign immunity argument, Plaintiff's counsel requested a copy of the Defendant City's insurance

---

[2]  The judicial notice rule clearly allows the court to rely on information contained on a valid website under the circumstances presented by Defendant City's Partial Motion to Dismiss.  The relevant website can be found at http://www.gacities.com See Federal Rule of Evidence 201. See TRIAL BY GOOGLE: JUDICIAL NOTICE IN THE INFORMATION AGE, Northwestern University Law Review, Vol. 108, 1137 (2014).

policy but Plaintiff's counsel refused to provide the policy because "discovery" had not yet begun in this case.

Based on the above, the Court has clear evidence at this earliest stage of this case that a liability insurance policy exists and discovery will reveal the extent of coverage and liability limits that will frame the capped amount of the sovereign immunity waiver at issue here.  The watershed decision by the Georgia Supreme Court in Hiers v. City of Barwick 262 Ga 129, 414 SE2d 647 (Ga. S. Ct. 1992) holds that (i) there is a complete waiver of sovereign immunity "to the extent of available insurance", and (ii) the very insurance policy offered/provided to Defendant City through its Georgia Municipal Association (GMA) membership as previously cited as the GMA website above (Georgia Interlocal Risk Management Agency, sometimes referred to as "GIRMA") qualifies as insurance for purposes of the waiver of sovereign immunity. See also CSX Transportation, Inc., v. City of Garden City, 277 Ga. 248, 588 S.E.2d 688 (Ga. S. Ct. 2003)( sovereign immunity of Georgia city waived to the extent of liability coverage).

Despite the existence of an insurance policy and the clear law on waiver, Defendant City has filed a motion to dismiss Plaintiff's claims for IIED, invasion of privacy and defamation based on an allegation that in a complaint against any city in Georgia the plaintiff must allege a waiver of immunity.  Yet the cases cited by Defendant City, Jackson v. City of Hazlehurst, No. CV 212-035, 2013 WL 3874765

@ *8 (M.D. Ga. July 25, 2013), Murray v. Ga Dep't of Transp., 284 Ga App 263, 265, 644 S.E.2d 290, 293 (Ga. Ct. of Appeals 2007), and Anderson v. City of Columbus, Georgia 374 F. Supp. 2d 1240, 1255 (M.D. Ga. 2005) were all decided on summary judgment and after the plaintiff had a full discovery period to develop the facts needed to either establish a waiver of sovereign immunity or fail to do so. The Plaintiff in this case deserves the same chance to take discovery on the whole issue of insurance and its impact on the shield of sovereign immunity.[3]

### IV. PLAINTIFF'S IIED CLAIM IS NOT SUBJECT TO DISMISSAL AT THE EARLY PLEADING STAGE DUE TO THE AGGRAVATED ABUSE EVIDENT HERE AND ONCE THE COURT APPLIES THE PROPER LEGAL STANDARD IN GEORGIA

Defendant City's motion correctly lays out the legal standards for IIED claims but relies on cases decided on motions for summary judgment and are not relevant to motions to dismiss. Moreover, one case cited, Fox v. Ravinia Club, Inc., 220 Ga. App. 260, 414 S.E.2d 243 (Ga. Ct. App. 1991) was dismissed on statute of limitations grounds, not on substance grounds involving whether allegations of abuse rose to the outrageous conduct standard such that a jury must decide an IIED claim on its merits.

---

[3] Out of an abundance of caution, Plaintiff has moved to file a Third Amended Complaint which adds the insurance aspect and the waiver of sovereign immunity allegations to each tort claim. Plaintiff requests that the Court allow the filing of the attached Third Amended Complaint to cure any argument that Plaintiff's Complaint pleading is deficient on the waiver of sovereign immunity issue.

Far more relevant to the case at hand is the IIED principle that states that "the existence of an employer-employee relationship may produce a character of outrageousness that otherwise not exist." <u>Marta v. Mosley</u>, 280 Ga. App. 486, 492 (Ga. Ct. App. 2006). In <u>Sevcech v. Ingles Mkts</u>., 474 S.E.2d 4 (Ga. Ct. App. 1996), the Court of Appeals reversed the grant of summary judgment and ordered a jury trial where a shopper was publicly accused of shoplifting and arrested despite no items being found on his person. The Court found a triable issue of fact on both the outrageous nature of the supermarket's conduct and the deposition testimony of the Plaintiff that his emotional distress was severe because the event still "makes him sick" and he is "full of shame and cannot look at his children." The factual parallels with the <u>Sevcech</u> case here where Plaintiff as the Defendant City's Deputy Chief being publicly accused by the mayor and fire chief in interviews, email, television clips, social media and newspaper articles of being disciplined because of alcohol use warrants a denial of Defendant City's partial motion to dismiss targeting Plaintiff's IIED claim.

### V. **PLAINTIFF'S DEFAMATION CLAIMS ARE NOT SUBJECT TO DISMISSAL BASED ON RESPONDEAT SUPERIOR AND, IN ANY EVENT, PLAINTIFF SHOULD BE PERMITTED TO AMEND HIS COMPLAINT TO ADD MAYOR RANDY TOMS AND FIRE CHIEF ROSS MOULTON AS INDIVIDUAL DEFENDANTS**

Defendant City argues that because respondeat superior does not apply to any defamation claim against the Defendant City, the defamatory actions of its mayor and fire chief cannot be imputed to the Defendant City. This argument misses the point that if a libelous statement was made by the mayor or fire chief and either of them were acting in the course and scope of his employment when he published the slander or libel, then the Defendant City can be held liable for the slander or libelous remarks. See Southland Corp. v. Garren, 138 Ga. App. 246 (Ga. Ct. App. 1976). In Macon Tel. Pub. Co. V. Elliott, 165 Ga. App. 719 (Ga. Ct. App. 1983), the newspaper-appellant ran an article describing the Plaintiff-Juror as having made up her mind to acquit a defendant in a criminal trial before jury deliberations had begun. Like the Defendant City here, the newspaper argued that its reporter's defamatory statements could not be imputed to the newspaper. In rejecting this contention, the Court of Appeals stated: "[w]e find no merit in appellant's contention that even if the reporter had knowledge of falsity it could not be imputed to appellant, as the rule in Georgia in libel is that the malicious conduct of an employee is imputed to the employer provided it is within the scope of his authority." Atlanta Journal Co. v. Doyal, 82 Ga. App. 321, 335, supra. Accord Garren v. Southland Corp., 237 Ga.

484, 485 (228 SE2d 870). Here, the issue of whether Toms and Moulton were acting within the scope of their authority when they defamed the Plaintiff is a question that will require discovery in this case.

Although Plaintiff believes he has a valid claim against the Defendant City for defamation, the Defendant City's mayor and fire chief published in newspapers, the internet and even a news piece of television mention defamatory statements about Plaintiff for an almost two-week period in August 2019. Accordingly, Plaintiff is asking this Court to approve his filing a Third Amended Complaint to name the mayor and fire chief as individual defendants to his defamation claim.

## VI. <u>CONCLUSION</u>

In conclusion, this Court should deny all aspects of Defendant City's partial motion to dismiss. Plaintiff points out that (i) the Proposed Third Amended Complaint clearly states a proper Section 1983 claim, (ii) sovereign immunity requires discovery because immunity is waived to the full extent of the applicable insurance coverage and thus the tort claims for IIED, invasion of privacy and defamation are viable, (iii) Plaintiff's alternative arguments seeking dismissal of the IIED and defamation claims are inconsistent with the case law developed in Georgia, and (iv) Plaintiff's punitive damages prayer is fully supported by his claims for IIED, invasion of privacy and defamation. It is time for discovery to begin and for

Defendant City to explain its extreme actions towards Plaintiff that cut across his extensive employment experience and tenure with Defendant City.

Respectfully submitted this 24th day of March 2020.

s/ James E. Voyles
James Everett Voyles
Georgia Bar No. 729016
The Voyles Law Firm, P.C.
680 Village Trace, Suite 20D
Marietta, Georgia 30067
(770) 999-6700
jvoyles@voyleslaw.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the foregoing **PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S MOTION TO PARTIALLY DISMISS** was prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(C).

This 24th day of March 2020.

                                       THE VOYLES LAW FIRM, P.C.

                                       /s/ James E. Voyles
                                       James E. Voyles
                                       Georgia Bar No. 729016
                                       680 Village Trace, Suite 20D
                                       Marietta, Georgia 30067
                                       Telephone: (770) 999-6700
                                       Facsimile: (770) 999-6701
                                       Email: jvoyles@voyleslaw.com
                                       *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT S. WOOD, § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | |
| CITY OF WARNER ROBINS, GEORGIA, § | Civil Action File No.: |
| § | 5:19-cv-00319-TES |
| § | |
| § | **JURY TRIAL DEMANDED** |
| Defendant. § | |
| § | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2020, I electronically filed the foregoing **PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S MOTION TO PARTIALLY DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following counsel of record:

Sharon P. Morgan
Laura A. Denton
Elarbee, Thompson, Sapp & Wilson, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
Email: morgan@elarbeethompson.com
Email: denton@elarbeethompson.com
*Attorneys for Defendants*

Respectfully submitted this the 24th day of March 2020.

        THE VOYLES LAW FIRM, P.C.

        /s/ James E. Voyles
        James E. Voyles
        Georgia Bar No. 729016
        680 Village Trace, Suite 20D
        Marietta, Georgia 30067
        Telephone: (770) 999-6700
        Facsimile: (770) 999-6701
        Email: jvoyles@voyleslaw.com
        *Attorney for Plaintiff*