IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT S. WOOD, § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | |
| CITY OF WARNER ROBINS, GEORGIA, § | Civil Action File No.: |
| § | 5:19-cv-00319-TES |
| § | |
| § | |
| Defendant. § | |
| § | |

# **PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs respectfully move this Court for leave to file their First Amended Complaint. A copy of the proposed Third Amended Complaint is attached as Exhibit A.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1.

Deputy Chief Wood is a career firefighter who joined the Warner Robins Fire Department in 1982. He is fifty-seven (57) years old. He consistently performs, and continues to this day to perform, the duties that are expected of him. He has never received an annual employee evaluation rating of less than "above" in over twenty years or less than "at" (performance that consistently meets the requirements of the

positions) throughout his thirty-eight (38) years with the Warner Robins Fire Department. Plaintiff was Firefighter of the Year in 1989, and he has faithfully served the citizens of Warner Robins for over thirty-eight (38) years.

2.

Unfortunately, his employer, supervisors and management believe, despite Plaintiff's consistent high performance, that he should retire from his position due to his age. They have committed textbook and tortious violations of basic human resource precepts and manufactured a pretext to attempt to force Plaintiff to resign this position.

## **The Instant Case**

3.

Plaintiff Wood filed the instant case on March 9, 2018. At the time of filing, Plaintiff was being harassed and pressured to retire because of his age. The Head of Human Resources warned the Mayor of Warner Robins and the Chief of the Warner Robins that they and their subordinates that they were violating age discrimination laws. The city and fire department employees continue to violate federal and state laws to force Mr. Wood to retire and leave.

Subsequently, Mr. Wood filed his Complaint against the City and the Fire Department and several employees of the City and Fire Department. Defendants responded to the Complaint by filing a Motion to Dismiss for Failure to State a Claim.

After the Motion was argued by both parties, the Court dismissed the individual defendants because the claims of both individuals and the City were the same. In order to make some of the claims arguably clearer to defendant, the Court ordered Plaintiff to file an Amended Complaint. Plaintiff followed the Court's Order and filed its Second Amended Complaint which, among other changes, did not have individual defendants.

Defendant filed its Second Motion to Dismiss For Failure to State a Claim. In the research Plaintiff conducted, Mr. Wood found that Defendant Warner Robins had liability insurance which waived immunity for Defendant.

The Mayor and Chief will be added to the Third Amended Complaint because individuals can be sued for some of the claims if there is no immunity. For example, the Mayor got possession of Mr. Wood's Hipaa file and, without permission, made them public even to the point of showing the HIPAA files to television and newspaper reporters, which ran stories about Mr. Woods' confidential records. The Fire Chief told his subordinates to harass Plaintiff to force him to retire and leave the fire department.

## **Nature of Proposed Amended Complaint**

4.

Plaintiffs now seek leave to file their Third Amended Complaint. Plaintiffs' Third Amended Complaint differs from their Second Amended Complaint in an attempt to respond to Defendant's Second Motion to Dismiss, which is part of Plaintiff's case.

**Additional State Law Claims**

5.

Defendant relied heavily on the contention that it was protected by sovereign immunity from many claims.  Although Defendant knew that it was covered by liability insurance, it did not reveal this to the Plaintiff or the Court. Plaintiff's attorney asked for a copy of an insurance policy, but was denied and told he had to wait until discovery.  By that time, if Defendant had no insurance existed, many claims would be dismissed due to immunity.  However, Plaintiff found that is insurance.  Thus, Defendant does not have immunity.  Plaintiff desires to go forward with these claims.

### III.    ARGUMENT

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading with consent or leave of the court. Courts are instructed to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Johnson* v. *City of Shelby, Miss.,* 135 S. Ct. 346, 347 (2014). While leave to amend is within the Court's discretion, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment... leave sought should, as the rules require, be 'freely given."[5] *Foman* v. *Davis,* 371 U.S. 178, 182(1962).

A. **Plaintiffs Have Not Unduly Delayed Their Request for Leave to Amend or Operate in Good Faith, and Have Not Previously Failed to Cure Deficiencies**

This is Plaintiffs' third request to amend their Complaint. The second amended complaint was ordered by the Court. Plaintiffs have not unduly delayed the bringing of the present motion. The issues the Third Amended Complaint have just come to attention in the case, such as the Defendant having liability insurance. *See Bryant* v. *Dupree,* 252 F.3d 1161, 1164 (11th Cir. 2001) (despite three-year pendency of litigation, denial of motion for leave to amend without further evidence of prejudice or bad faith was abuse of discretion).

B. **Leave to Amend will Not Prejudice Defendants**

Nor will Defendants be prejudiced if Plaintiffs are granted leave to amend Plaintiff's Complaint. Plaintiff's request for leave would not serve to prolong discovery, relitigate settled issues, or delay disposition of this case. *See Maynard v. Bd of Regents of the Div. of Univers. of Fla. Dep't. of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003) (upholding district court denial of motion for leave based on prejudice where plaintiff sought leave to amend on the last day of extended discovery period); *Ray v. Equifax Info. Servs., LLC,* 327 Fed. App'x 819, 822-23 (11th Cir. 2009) (upholding denial of motion for leave where plaintiff sought leave two years after close of discovery based on prejudice to opposing party).

1. Pending Motion

Plaintiffs' Amended Complaint should have no bearing on Plaintiffs' Pending Motion for a partial dismissal of Plaintiff's claims. In fact, the third amended complaint will address some of Defendants' issues.

C.  **Justice Requires Leave to Amend**

Finally, leave to file Plaintiffs' First Amended Complaint is appropriate under Rule 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas* v. *Town of Davie,* 847 F.2d 771, 773 (11th Cir. 1988) (internal citation omitted).  "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend 'should be freely given.'" *Hall* v. *United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal citation omitted). Plaintiffs' First Amended Complaint is substantially similar to their first Complaint, though introduces three additional parties and two additional claims. Particularly in light of the liberal standard set forth by Fed. R. Civ. P. 15(a)(2), "if the plaintiff has at least colorable grounds for relief, justice does so require." *S.S. Silberblatt, Inc.* v. *East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir. 1979) (citing *Foman,* 371 U.S. at 182). Plaintiffs submit that there is no substantial reason to deny their motion for leave to amend.

## VI.   CONCLUSION

Along with this motion, for the Court's reference, Plaintiff has attached as "Exhibit A" a copy of Plaintiff's Third Amended Complaint.

Respectfully submitted this 24th day of March 2020.

                                              s/ James E. Voyles  
                                              James Everett Voyles  
                                              Georgia Bar No. 729016  
                                              The Voyles Law Firm, P.C.  
                                              680 Village Trace, Suite 20D  
                                              Marietta, Georgia 30067  
                                              (770) 999-6700  
                                              jvoyles@voyleslaw.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** was prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(C).

This 24th day of March 2020.

                                                    THE VOYLES LAW FIRM, P.C.

                                                  /s/ James E. Voyles  
                                                  James E. Voyles  
                                                  Georgia Bar No. 729016  
                                                  680 Village Trace, Suite 20D  
                                                  Marietta, Georgia 30067  
                                                  Telephone: (770) 999-6700  
                                                  Facsimile: (770) 999-6701  
                                                  Email: jvoyles@voyleslaw.com  
                                                  *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT S. WOOD, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| CITY OF WARNER ROBINS, GEORGIA, | § § § § § § | Civil Action File No.: 5:19-cv-00319-TES |
| Defendant. | § § | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2020, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following counsel of record:

Sharon P. Morgan
Laura A. Denton
Elarbee, Thompson, Sapp & Wilson, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
Email: morgan@elarbeethompson.com
Email: denton@elarbeethompson.com
*Attorneys for Defendants*

Respectfully submitted this the 24th day of March 2020.

THE VOYLES LAW FIRM, P.C.

/s/ James E. Voyles
James E. Voyles
Georgia Bar No. 729016
680 Village Trace, Suite 20D
Marietta, Georgia 30067
Telephone: (770) 999-6700
Facsimile: (770) 999-6701
Email: jvoyles@voyleslaw.com
*Attorney for Plaintiff*