## IN THE UNITED STATES DISTRICT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **ROBERT S. WOOD,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CITY OF WARNER ROBINS,** )<br>**GEORGIA, MAYOR RANDY** )<br>**TOMS, and FIRE CHIEF ROSS** )<br>**MOULTON,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION FILE NO.**<br>**5:19-CV-00319-TES** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**COME NOW** Defendants City of Warner Robins, Georgia ("City"), Mayor Randy Toms ("Toms"), and Fire Chief Ross Moulton ("Moulton") (collectively, "Defendants"), and pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, hereby file their Answer to Plaintiff's Third Amended Complaint [Doc. 33-1]. In answering Plaintiff's Third Amended Complaint, Defendants show the Court as follows:

## FIRST DEFENSE

Plaintiff's Third Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants at all times acted in good faith compliance with all applicable laws, rules, and regulations.   Defendants have not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously, negligently, or with conscious or reckless indifference with regard to Plaintiff.   At no time have Defendants acted with any intent to injure or otherwise cause harm to Plaintiff.

## THIRD DEFENSE

Any action taken by Defendants affecting Plaintiff was for legitimate, non-discriminatory reasons and, as such, did not violate any legal right possessed by Plaintiff.   Additionally, and/or alternatively, even if Plaintiff were able to demonstrate that discrimination played a motivating part in any such action, which he cannot, Defendants aver that the same action would have been taken for legitimate, non-discriminatory reasons.   Neither any alleged protected status nor activity was the but-for cause of any such employment action(s).

## FOURTH DEFENSE

All or part of Plaintiff's Third Amended Complaint is barred by the doctrines of consent, waiver, estoppel, license, justification, avoidable consequences, after-acquired evidence and/or unclean hands.

## FIFTH DEFENSE

Plaintiff is not entitled to any of the relief – equitable, declaratory, or legal – requested against Defendants, especially, but not limited to, punitive damages; however, to the extent Plaintiff is entitled to any damages or other relief, which he is not, any such damages or relief are limited by applicable provisions of law.

## SIXTH DEFENSE

To the extent any employee, manager, supervisor, or official of the City engaged in any unlawful conduct as alleged in the Third Amended Complaint, such actions were outside the scope and course of their employment and were not in furtherance of City's business.  Alternatively, and/or additionally, any damages that Plaintiff suffered resulted from the acts or omissions of others for whom the City is not liable.

## SEVENTH DEFENSE

Plaintiff cannot recover punitive damages from the City as a matter of law.

## EIGHTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of his own actions or inactions.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies or otherwise satisfy all conditions precedent or statutory

prerequisites to bringing and maintaining his claims against Defendants.   In particular, Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), are barred to the extent any action upon which they are based occurred more than 180 days prior to the filing of his administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or was not the subject of or was otherwise outside the scope of said charge.

## TENTH DEFENSE

Plaintiff's claims against Toms and Moulton in their individual capacities under 42 U.S.C. § 1983 ("Section 1983") are barred by qualified immunity.

## ELEVENTH DEFENSE

Plaintiff cannot demonstrate the existence of an unlawful policy, custom, or practice necessary to support his claim(s) brought pursuant to Section 1983 against the City.

## TWELFTH DEFENSE

Plaintiff's claims against Defendants under Section 1983 and the Fourteenth Amendment to the U.S. Constitution are subject to dismissal on the grounds that Plaintiff cannot show any actions taken by Defendants to deprive Plaintiff of his federal constitutional rights, or that any such actions were taken under color of

state law, or that any alleged deprivation of Plaintiff's federal constitutional rights occurred pursuant to a municipal policy, practice, or custom.

## THIRTEENTH DEFENSE

The City exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the City or to avoid harm otherwise.

## FOURTEENTH DEFENSE

To the extent any of the alleged conduct occurred, such conduct was not sufficiently severe or pervasive so as to constitute conduct for which there is a legal remedy.

## FIFTEENTH DEFENSE

Any statements made by Defendants regarding Plaintiff and/or his employment were made in good faith and in the performance of a public duty, in the performance of a legal and/or moral private duty, and/or in an effort to protect their legitimate interests in a matter in which they are concerned or are otherwise privileged as a matter of law.

## SIXTEENTH DEFENSE

Plaintiff's claims fail to the extent that they are based on alleged communications that, if made, were made by Defendants in good faith on matters

in which they had an interest or duty, and made to those who had a corresponding interest or duty.

## SEVENTEENTH DEFENSE

Any allegedly false statements regarding Plaintiff and/or his employment were made without the express direction or authorization of the City.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the intra-corporate communications doctrine to the extent that they are based on alleged statements constituting communications between or among employees, agents, and/or representatives of Defendants.

## NINETEENTH DEFENSE

Plaintiff's state-law claims against the City are barred, in whole or in part, by sovereign immunity.

## TWENTIETH DEFENSE

Plaintiff's state-law claims against Toms and Moulton in their individual capacities are barred by official immunity.

## TWENTY-FIRST DEFENSE

To the extent any of the alleged conduct occurred, such conduct was not extreme or outrageous or sufficiently severe or pervasive so as to constitute conduct for which there is a legal remedy.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred insofar as Plaintiff has not suffered from severe emotional distress.

## TWENTY-THIRD DEFENSE

Defendants did not engage in any intentional or reckless conduct sufficient to establish a claim for intentional infliction of emotional distress under Georgia law.

## TWENTY-FOURTH DEFENSE

There is no causal connection between Plaintiff's alleged emotional distress and Defendants' alleged conduct.

## TWENTY-FIFTH DEFENSE

Defendants deny that Plaintiff has suffered any pain and suffering, emotional, psychological, and/or physical damage as the result of any alleged actions taken by Defendants.  Any pain or suffering, emotional, psychological, and/or physical condition or damages suffered by Plaintiff are attributable to causes wholly independent of any alleged actions on the part of Defendants.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred because the alleged actions, if true, would not create severe emotional distress in a reasonable or ordinary person.

## TWENTY-SEVENTH DEFENSE

To the extent any Defendant made any of the statements attributed to him in the Third Amended Complaint, such alleged statements were protected by each Defendant's absolute and/or conditional privilege.

## TWENTY-EIGHTH DEFENSE

Defendants hereby reserve the right to amend this Answer or to add additional defenses, or to withdraw defenses, as this civil action progresses.

## RESPONSE TO UNNUMBERED INTRODUCTORY PARAGRAPH

Responding to the unnumbered preamble paragraph on pages 1 and 2 of the Third Amended Complaint, Defendants admit that Plaintiff alleges certain claims against Defendants.  Except as specifically admitted herein, Defendants deny the allegations contained in the unnumbered preamble paragraph on pages 1 and 2 of the Third Amended Complaint.

## RESPONSE TO NUMBERED ALLEGATIONS

Defendants respond to the numbered allegations of the Third Amended Complaint as follows:

## INTRODUCTION

1.

Answering the allegations contained in Paragraph 1 of the Third Amended Complaint, Defendants admit that Plaintiff was hired by the City as a firefighter in

its Fire Department on February 2, 1982.  Answering further, Defendants admit that, at the time that Plaintiff filed his Third Amended Complaint on April 2, 2020, Plaintiff was fifty-seven years old.  Answering further, Defendants admit that Plaintiff received an "above" overall performance rating for the 1982-1983 year, and from 2001 to present.  Answering further, Defendants admit that Plaintiff received a "meets standards" for the years 1983, 1984, 1985, and 1986.  Except as specifically admitted herein, the allegations of Paragraph 1 of the Third Amended Complaint are denied.

2.

Defendants deny the allegations contained in Paragraph 2 of the Third Amended Complaint.

## **JURISDICTION**

3.

Answering the allegations contained in Paragraph 3 of the Third Amended Complaint, Defendants admit that Plaintiff has brought this action pursuant to the ADEA, as well as a state-law claim based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Except as specifically admitted herein, the allegations of Paragraph 3 of the Third Amended Complaint are denied.

4.

The allegations set forth in Paragraph 4 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 4 of the Third Amended Complaint.

5.

Answering the allegations contained in Paragraph 5 of the Third Amended Complaint, Defendants admit that the Macon Division of the U.S. District Court for the Middle District of Georgia is the proper venue for this action.  Except as specifically admitted herein, the allegations of Paragraph 5 of the Third Amended Complaint are denied.

## **NATURE OF THE CLAIM**

6.

Answering the allegations contained in Paragraph 6 of the Third Amended Complaint, Defendants admit that Plaintiff has brought this action pursuant to the ADEA, as well as state-law claims of intentional infliction of emotional distress, defamation, and invasion of privacy and HIPAA.  Except as specifically admitted herein, the allegations of Paragraph 6 of the Third Amended Complaint are denied.

7.

Answering the allegations contained in Paragraph 7 of the Third Amended Complaint, the City admits that Plaintiff has brought this action pursuant to the ADEA, as well as state-law claims of intentional infliction of emotional distress, defamation, and invasion of privacy and HIPAA.  Except as specifically admitted herein, the allegations of Paragraph 7 of the Third Amended Complaint are denied.

8.

Answering the allegations contained in Paragraph 8 of the Third Amended Complaint, Defendants admit that Plaintiff is currently employed as the Deputy Chief of the City's Fire Department and is over the age of forty.  Except as specifically admitted herein, the allegations of Paragraph 8 of the Third Amended Complaint are denied.

**THE DEFENDANTS**

9.

Answering the allegations contained in Paragraph 9 of the Third Amended Complaint, Defendants admit that the City is a municipal government within the state of Georgia.  Answering further, Defendants admit that Toms is the City's Mayor and that Moulton is the City's Fire Chief.  Answering further, Defendants admit that this Court possesses jurisdiction over the subject matter of Plaintiff's

claims.  Except as specifically admitted herein, the allegations of Paragraph 9 of the Third Amended Complaint are denied.

## PROCEDURAL REQUIREMENTS

10.

Answering the allegations contained in Paragraph 10 of the Third Amended Complaint, Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 410-2019-02349, on January 16, 2019.  Answering further, Defendants admit that Plaintiff filed a Perfected Charge of Discrimination with the EEOC, Charge No. 410-2019-02349, on March 19, 2019.  Answering further, Defendants admit that the EEOC issued a Dismissal and Notice of Rights as to Charge No. 410-2019-02349 to Plaintiff on May 13, 2019.  Answering further, Defendants admit that Ex. A to Third Amended Complaint appears to be a true and correct copy of same.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 10 of the Third Amended Complaint.

11.

Answering the allegations contained in Paragraph 11 of the Third Amended Complaint, Defendants admit that Plaintiff was hired by the City as a firefighter in its Fire Department on February 2, 1982.  Answering further, Defendants admit that, at the time that Plaintiff filed his Third Amended Complaint on April 2, 2020, Plaintiff was fifty-seven years old.  Answering further, Defendants admit that

Plaintiff is eligible to retire under the City's Personnel Rules and Regulations. Except as specifically admitted herein, the allegations of Paragraph 11 of the Third Amended Complaint are denied.

## FACTS

### 12.

Defendants deny the allegations contained in Paragraph 12 of the Third Amended Complaint.

### 13.

Answering the allegations contained in Paragraph 13 of the Third Amended Complaint, Defendants admit that a fire alarm was activated at 207 Windsor Drive on July 5, 2018 at or around 7:51 p.m.  Answering further, Defendants admit that Moulton called Plaintiff, and Plaintiff advised that he was going to shower at his house and then head to the fire scene.  Answering further, Defendants admit that, while Plaintiff was on the fire scene, Plaintiff approached Lt. Lee Brantley, who was serving in the role as Acting Assistant Chief for shift 2.  Answering further, Defendants admit that, after Lt. Brantley spoke with Plaintiff, he believed Plaintiff had been drinking.  Answering further, Defendants admit that Lt. Brantley spoke with Assistant Chief of Training Dean Christian, in which Lt. Brantley informed Assistant Chief Christian that he smelled alcohol on Plaintiff's breath and was really concerned.  Answering further, Defendants admit that Assistant Chief

Christian asked to speak with Plaintiff in his vehicle, and during that conversation, Assistant Chief Christian observed that Plaintiff had slurred speech and could smell alcohol on his breath.  Answering further, Defendants admit that Assistant Chief Christian asked Plaintiff if he had been drinking, and Plaintiff stated no. Answering further, Defendants admit that Assistant Chief Christian returned to his duties at the fire scene, and he noticed that Plaintiff left the fire scene.  Answering further, Defendants admit that Plaintiff called Moulton and advised that he had left the fire scene and was on his way home.  Answering further, Defendants admit that Moulton, during his conversation with Plaintiff, noticed that Plaintiff's speech seemed impaired.  Answering further, Defendants admit that during Moulton's conversation with Plaintiff, Plaintiff informed Moulton that he had been pulled to the side by Assistant Chief Christian and questioned if he had been drinking alcohol.  Answering further, Defendants admit that Moulton asked Plaintiff if he had been drinking alcohol, and Plaintiff stated no.  Except as specifically admitted herein, the allegations of Paragraph 13 of the Third Amended Complaint are denied.

14.

Answering the allegations contained in Paragraph 14 of the Third Amended Complaint, Defendants admit that Moulton, after speaking with Plaintiff, went to the fire scene and spoke with Lt. Brantley and Assistant Chief Christian, both of

-14-

whom told Moulton that they believed Plaintiff had been drinking.  Answering further, Defendants admit that Moulton advised Lt. Brantley and Assistant Chief Christian that they should not have let Plaintiff leave the fire scene, for which they both apologized and stated that they had spoken with each other about how to handle the situation and that during that time, Plaintiff left.  Answering further, Defendants admits that Moulton left the fire scene to head to Plaintiff's house. Except as specifically admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Third Amended Complaint and therefore deny same.

15.

Answering the allegations contained in Paragraph 15 of the Third Amended Complaint, Defendants admit that upon arriving at Plaintiff's house, Moulton asked him to step outside so that he could speak with him.  Answering further, Defendants admit that after speaking with Plaintiff, Moulton could smell alcohol on his breath and perceived that he had been drinking.  Answering further, Defendants admit that Moulton called Police Captain Todd Edwards, and asked him if he could administer a breathalyzer test.   Answering  further,  Defendants  admit  that  Captain  Edwards informed Moulton that he was off duty but could administer the test to confirm positive or negative use of alcohol.  Except as specifically admitted herein, the allegations of Paragraph 15 of the Third Amended Complaint are denied.

16.

Answering the allegations contained in Paragraph 16 of the Third Amended Complaint, Defendants admit that upon Captain Edwards's arrival at Plaintiff's house, he administered a breathalyzer test, for which the results were positive for alcohol.  Answering further, the City admits that Ex. D to the Third Amended Complaint appears to be a true and correct copy of the City's Alcohol and Controlled Substance Policy.  The remaining allegations in Paragraph 16, as well as Exs. B and C to the Third Amended Complaint, recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 16 of the Third Amended Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Third Amended Complaint.

18.

Answering the allegations contained in Paragraph 18 of the Third Amended Complaint, Defendants admit that, as a result of his actions on July 5, 2018, Plaintiff served a ten-day unpaid suspension, was required to undergo random drug/alcohol screenings for one year, and was required to participate in the City's Employee Assistance Program.  Answering further, Defendants admit that Ex. E to the Third

Amended Complaint appears to be a true and correct copy of Plaintiff's Authorization for the Release of Confidential Information.   The remaining allegations in Paragraph 18 recite legal conclusions to which no responsive pleading by Defendants can or should be framed.   To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 18 of the Third Amended Complaint.

19.

Answering the allegations contained in Paragraph 19 of the Third Amended Complaint, Defendants admit that the City of Warner Robins has an Alcohol and Controlled Substance Policy.   Answering further, Defendants admit that Ex. D to Third Amended Complaint appears to be a true and correct copy of same.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 19 of the Third Amended Complaint.

20.

Answering the allegations contained in Paragraph 20 of the Third Amended Complaint, Defendants admit that, as a result of his actions on July 5, 2018, Plaintiff served a ten-day unpaid suspension, was required to undergo random drug/alcohol screenings for one year, and was required to participate in the City's Employee Assistance Program.   Except as specifically admitted herein, the allegations of Paragraph 20 of the Third Amended Complaint are denied.

21.

Answering the allegations contained in Paragraph 21 of the Third Amended Complaint, Defendants admit that, as a result of his actions on July 5, 2018, Plaintiff served a ten-day unpaid suspension, was required to undergo random drug/alcohol screenings for one year, and was required to participate in the City's Employee Assistance Program.   Except as specifically admitted herein, the allegations of Paragraph 21 of the Third Amended Complaint are denied.

22.

Defendants deny the allegations contained in Paragraph 22 of the Third Amended Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Third Amended Complaint.

24.

Answering the allegations contained in Paragraph 24 of the Third Amended Complaint, Defendants admit that Moulton sent an email to the entire Warner Robins Fire Department on August 2, 2018 at 11:28 a.m.   Answering further, Defendants admit that Ex. G to Third Amended Complaint appears to be a true and correct copy of same.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 24 of the Third Amended Complaint.

-18-

25.

Defendants deny the allegations contained in Paragraph 25 of the Third Amended Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of the Third Amended Complaint.

27.

Answering the allegations contained in Paragraph 27 of the Third Amended Complaint, Defendants admit that Moulton instructed Plaintiff to prepare and send an email to all Fire Department employees and to apologize regarding his poor judgment and inappropriate conduct on July 5, 2018. Except as specifically admitted herein, Defendants deny the allegations of Paragraph 27 of the Third Amended Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of the Third Amended Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Third Amended Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of the Third Amended Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of the Third Amended Complaint.

32.

Answering the allegations contained within Paragraph 32 of the Third Amended Complaint, Defendants admit that Plaintiff and Assistant Chief Chris Cannady met to discuss the incident that resulted in Plaintiff's suspension and for Plaintiff to apologize for his actions.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 32 of the Third Amended Complaint.

33.

Answering the allegations contained within Paragraph 33 of the Third Amended Complaint, Defendants admit that Plaintiff and Assistant Chief Scott Renfroe met to discuss the incident that resulted in Plaintiff's suspension and for Plaintiff to apologize for his actions.  Answering further, Defendants admit that Assistant Chief Renfroe did show an article to Plaintiff regarding another fire chief at another fire department who also was under the influence of alcohol while on a

fire scene.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 33 of the Third Amended Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of the Third Amended Complaint.

35.

Answering the allegations contained within Paragraph 35 of the Third Amended Complaint, Defendants admit that former Fire Chief Robert Singletary issued on October 23, 2012 to former Assistant Chief Curtis Haslam a five-day, unpaid suspension, required him to undergo random drug screenings for a year, and required him to participate in an Employee Assistance Program, for arriving onto a fire scene under the influence of alcohol.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 35 of the Third Amended Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of the Third Amended Complaint.

37.

Answering the allegations contained within Paragraph 37 of the Third Amended Complaint, Defendants admit that Plaintiff met with Assistant Chief

Scottie Durham to discuss bottled water donations for the City's Fire Department. Except as specifically admitted herein, Defendants deny the allegations of Paragraph 37 of the Third Amended Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Third Amended Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of the Third Amended Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Third Amended Complaint.

41.

Answering the allegations contained within Paragraph 41 of the Third Amended Complaint, Defendants admit that Moulton had a discussion with Plaintiff about his conversations with firefighters regarding the July 5, 2018 fire scene incident.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 41 of the Third Amended Complaint.

42.

Answering the allegations contained within Paragraph 42 of the Third Amended Complaint, Defendants admit that Plaintiff met with Moulton and Assistant Chief Renfroe on or around August 14, 2018 to discuss the future of the Fire Department.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 42 of the Third Amended Complaint.

43.

Answering the allegations contained in Paragraph 43 of the Third Amended Complaint, Defendants admit that Plaintiff attended a Fire Conference in Dalton, Georgia sometime in the Fall of 2018 with Moulton.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 43 of the Third Amended Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of the Third Amended Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of the Third Amended Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of the Third Amended Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of the Third Amended Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of the Third Amended Complaint.

49.

Answering the allegations contained in Paragraph 49 of the Third Amended Complaint, Defendants admit that Plaintiff went to talk with Human Resources Director Toni Graham in August 2018 to discuss filing a grievance. Except as specifically admitted herein, Defendants deny the allegations of Paragraph 49 of the Third Amended Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Third Amended Complaint.

51.

Answering the allegations contained in Paragraph 51 of the Third Amended Complaint, Defendants admit that Plaintiff filed a Formal Grievance on August 21, 2018.   Answering further, Defendants admit that Ex. I to Third Amended Complaint appears to be a true and correct copy of same.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 51 of the Third Amended Complaint.

52.

Defendants admit the allegations contained in Paragraph 52 of the Third Amended Complaint.

53.

Answering the allegations contained in Paragraph 53 of the Third Amended Complaint, Defendants admit that mediator Catherine Silengo met with Plaintiff in August 2018 to discuss his Formal Grievance.  Except as specifically admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 of the Third Amended Complaint and therefore deny same.

54.

Answering the allegations contained in Paragraph 54 of the Third Amended Complaint, Defendants admit that mediator Catherine Silengo prepared a report on

Plaintiff's Formal Grievance to Mayor Randy Toms, dated September 3, 2018. Answering further, Defendants admit that Ex. J is a true and correct copy of the City's Employee Handbook.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 54 of the Third Amended Complaint.

55.

Answering the allegations contained in Paragraph 55 of the Third Amended Complaint, Defendants admit that Ex. J is a true and correct copy of the City's Employee Handbook.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 55 of the Third Amended Complaint.

56.

Defendants deny the allegations contained in Paragraph 56 of the Third Amended Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of the Third Amended Complaint.

58.

Answering the allegations contained in Paragraph 58 of the Third Amended Complaint, Defendants admit that certified public accountants McNair McLemore Middlebrooks & Co. submitted an audit report to the City's Mayor and Council on January 31, 2019.   Answering further, Defendants admit that Ex. L to Third

-26-

Amended Complaint appears to be a true and correct copy of same.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 58 of the Third Amended Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of the Third Amended Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of the Third Amended Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of the Third Amended Complaint.

62.

Answering Paragraph 62 of the Third Amended Complaint, Defendants admit that Plaintiff is represented by legal counsel in this action.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 62 of the Third Amended Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of the Third Amended Complaint.

## COUNT ONE
## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW IN
## VIOLATION OF 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

64.

Defendants deny the allegations contained in Paragraph 64 of the Third Amended Complaint.

65.

The allegations set forth in Paragraph 65 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 65 of the Third Amended Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of the Third Amended Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of the Third Amended Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of the Third Amended Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of the Third Amended Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of the Third Amended Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of the Third Amended Complaint.

## COUNT TWO
## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") OF 1967, 29 U.S.C. §§ 621-634 (AGAINST DEFENDANT CITY)

72.

Defendants deny the allegations contained in Paragraph 72 of the Third Amended Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Third Amended Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Third Amended Complaint.

**COUNT THREE**
**RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") OF 1967, 29. U.S.C. §§ 621-634 (AGAINST DEFENDANT CITY)**

75.

The allegations set forth in Paragraph 75 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 75 of the Third Amended Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of the Third Amended Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of the Third Amended Complaint.

78.

Defendants deny the allegations contained in Paragraph 78 of the Third Amended Complaint.

79.

Answering the allegations contained in Paragraph 79 of the Third Amended Complaint, Defendants admit that Plaintiff filed a Formal Grievance on August 21, 2018.    Answering  further,  Defendants  admit  that  mediator  Catherine  Silengo prepared a report on Plaintiff's Formal Grievance to Mayor Randy Toms, dated September 3, 2018.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 79 of the Third Amended Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of the Third Amended Complaint.

81.

Answering  Paragraph 81 of the Third Amended Complaint, Defendants admit that Plaintiff is represented by legal counsel in this action.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 81 of the Third Amended Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of the Third Amended Complaint.

## COUNT FOUR
## HOSTILE WORK ENVIRONMENT UNDER THE ADEA
## (AGAINST DEFENDANT CITY)

83.

The allegations set forth in Paragraph 83 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 83 of the Third Amended Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of the Third Amended Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of the Third Amended Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of the Third Amended Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of the Third Amended Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of the Third Amended Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of the Third Amended Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of the Third Amended Complaint.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

91.

The allegations set forth in Paragraph 91 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 91 of the Third Amended Complaint.

92.

Answering the allegations contained in Paragraph 92 of the Third Amended Complaint, Defendants admit that Moulton is the department director of the City's Fire Department.  Answering further, Defendants specifically deny that they had

any obligation to provide any discovery to Plaintiff prior to the beginning of the discovery period.   Except as specifically stated herein, Defendants deny the remaining allegations of Paragraph 92 of the Third Amended Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of the Third Amended Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of the Third Amended Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of the Third Amended Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of the Third Amended Complaint.

## COUNT SIX
## INVASION OF PRIVACY/CONFIDENTIALITY/VIOLATION OF THE
## HEALTH INSURANCE
## PORTABILITY AFFORDABILITY ACT AND SECTIONS 34-9-415 ET SEQ.
## (AGAINST ALL DEFENDANTS)

97.

The allegations set forth in Paragraph 97 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 97 of the Third Amended Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of the Third Amended Complaint.

99.

The allegations set forth in Paragraph 99 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 99 of the Third Amended Complaint.

100.

The allegations set forth in Paragraph 100 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or

should be framed.  To the extent that a response is warranted, Defendants deny the allegations set forth in Paragraph 100 of the Third Amended Complaint.

101.

Defendants deny the allegations contained in Paragraph 101 of the Third Amended Complaint.

102.

Defendants deny the allegations contained in Paragraph 102 of the Third Amended Complaint.

## COUNT EIGHT
## DEFAMATION/LIBEL/SLANDER
## (AGAINST ALL DEFENDANTS)

103.

The allegations set forth in Paragraph 103 of the Third Amended Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent that a response is warranted, Defendants deny the allegations contained in Paragraph 103 of the Third Amended Complaint.

104.

Defendants deny the allegations contained in Paragraph 104 of the Third Amended Complaint.

105.

Defendants deny the allegations contained in Paragraph 105 of the Third Amended Complaint.

## PRAYER FOR RELIEF

106.

Answering the unnumbered paragraph immediately following Paragraph 105 of the Third Amended Complaint, including but not limited to subparagraphs (a) through (e), Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**WHEREFORE,** having fully answered the allegations of the Third Amended Complaint, Defendants request that the Court enter an Order dismissing the Third Amended Complaint in its entirety with prejudice; awarding Defendants their costs and expenses (including attorney's fees) reasonably incurred in defending this action; and awarding Defendants any other relief the Court deems just and proper.

Respectfully submitted this 17th day of April, 2020.

s/Laura A. Denton
Sharon P. Morgan
Georgia Bar No. 522955
Laura A. Denton
Georgia Bar No. 158667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com
denton@elarbeethompson.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ROBERT S. WOOD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **5:19-CV-00319-TES** |
| | ) | |
| **CITY OF WARNER ROBINS,** | ) | |
| **GEORGIA, MAYOR RANDY** | ) | |
| **TOMS, and FIRE CHIEF ROSS** | ) | |
| **MOULTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of **DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

James E. Voyles

Respectfully submitted this 17th day of April, 2020.

_s/Laura A. Denton_
Laura A. Denton
Georgia Bar No. 158667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
denton@elarbeethompson.com

*Attorney for Defendants*